## ECKLES v. KINNEY.

After allowing a change of venue, the District Court cannot require the appli-
cant to give to the adverse party, a bond to secure him against the addi-
tional costs which may be incurred by such change of venue.

Where, after a change of venue is ordered, the adverse party moves to re-
docket the cause, and the party taking the change, makes no objection, but
appears by his attorneys, and proceeds to the trial of the cause, he cannot
assign for error in the appellate court, the decision of the court in re-docket-
ing the cause.

Where the defendant in an action, filed an affidavit, and motion for a change
of venue, on account of the interest and prejudice of the judge, which mo-
tion was granted at the May term, 1855, and an order of court made chang-
ing the venue to Warren county, in the ninth judicial district; and where
at the same term, and after the change of venue had been ordered, the
court ordered the defendant to give a bond, in the penalty of $200, to
secure the plaintiff in the additional costs to be incurred by the change of
venue; and where at the September term of said court, on motion, the
cause was re-docketed, and on the trial, both parties appearing, the jury dis-
agreed, and the cause was continued; and where at the May term, 1856,
the defendant filed an affidavit for a change of venue to some other county,
for the reason that the inhabitants of Boone county, were so prejudiced
against him, that he could not expect a fair and impartial trial, which ap-
plication was overruled; Held, 1. That the court erred in requiring the de-
fendant to execute a bond for the costs; 2. That section 1708 of the Code,
which limits a party to one change of venue, did not apply to the case;
and 3. That the court erred in overruling the second application for a
change of venue.

*Appeal from the Boone District Court.*

SUIT to recover the value of one hundred walnut logs, the
property of the plaintiff, of the value of three hundred dol-
lars, alleged to have been taken and carried away by the
defendant. The defendant answered, denying the claim to
the logs set up by plaintiff, and issue being joined, the de-
fendant filed an affidavit and motion, praying a change of
venue, on account of interest and prejudice of the judge, to
some other judicial district. The motion was granted, and
at the May term, 1855, an order of court was made chang-
ing the venue to Warren county in the ninth judicial dis-

trict. At the same term, and after the change of venue had been ordered, the court, on the application of the plaintiff, ordered the defendant to give a bond in the penalty of $200, to secure the plaintiff in the additional cost to be incurred by the change of venue. At the September term ensuing, there was a motion to re-docket the cause, and it was re-docketed ; and on a trial, both parties appearing, the jury disagreed, and the cause was continued. At the May term, 1856, the defendant filed an affidavit to obtain a change of venue, to some other county in the fifth district, because, as he alleged, the inhabitants of Boone county were so prejudiced against him, that he could not expect a fair and impartial trial in that county. The motion for a change of venue was overruled. The cause was heard at the May term, 1856, of the District Court of Boone county, and a judgment rendered for the plaintiff of $42. Defendant appeals, and assigns these various rulings of the court as error.

*T. Elwood & J. E. Jewett*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The first assignment for error, is, that the District Court took cognizance of the cause, after an order had been made, changing the venue to the county of Warren. This cognizance, it is claimed, was assumed by the District Court :

1st. By ordering the defendant to give bond to secure the plaintiff in the additional costs to be incurred by the change of venue, after the order for the change of venue had been entered.

2d. By re-docketing the cause at a subsequent term, and trying it.

1. As to the first point, the court may, at the same term, reconsider the motion for a change of venue, and grant the same on such conditions only, as are allowed by law, and are in the discretion of the court. The costs occasioned by the change of venue, are to be paid by the applicant, and not taxed as part of the costs of the cause. The court may,

as a condition of allowing the order for the change of venue, order that such costs shall be paid into court. But we do not think that the court can, after a change of venue has been allowed, order the applicant to give to the adverse party, a bond to secure him in the additional costs to be incurred by such change of venue. There is no law authorizing the court to make such requirement.

2. Although the defendant, after the order for the change of venue had been made, might well object to any order being made at a subsequent term to re-docket the cause; yet, as it appears that he made no objection in the case, and appeared in court by his attorneys, and went to trial, he cannot now assign the ruling of the District Court for error.

3. The second assignment of error, we think, is well taken. The affidavit states that, as defendant verily believes "the inhabitants of the county of Boone are so prejudiced against him, that he cannot expect an impartial trial in said county." This is in the words of the statute. Code, § 1706. Section 1708 of the Code, which limits the party to one change of venue, does not apply in this case, because, if for no other reason, the party had not in reality had a change of venue.

Judgment reversed.