## WILSEY v. MAYNARD.

1. **Judgment: INJUNCTION.** A court of equity will not restrain by injunction the execution of a judgment, or declare the same invalid because of a defect in the action in which it was rendered, of which the plaintiff had knowledge at the time it was pending.

2. **Appearance: STAMP.** An appearance to object to the original notice on the ground that it was not properly stamped, and to cross-examine the witnesses of plaintiff, is an appearance to the action within the meaning of clause 3, section 2840, Revision of 1860, and renders the sufficiency of the notice immaterial.

3. **Judgment: PETITION TO CANCEL.** A party cannot, in equity, insist upon a defect in the original notice served in the proceedings in which a judgment was rendered, when with knowledge of it he appeared to the law action and failed to avail himself of it, was not taken by surprise, had full time to prepare for his defense and subsequently stayed the judgment.

*Appeal from Monona District Court.*

### THURSDAY, JUNE 28.

MAYNARD brought his action against Wilsey in the Monona District Court, claiming three thousand dollars damages, and recovered eight hundred for the seduction of his daughter. The notice was drawn and signed prior to the 1st of June, and placed in the sheriff's hands, June 16, 1863, and served the next day. At this time there was no revenue stamp upon it, but one was affixed at the September Term, and duly canceled. The defendant appeared by attorneys and filed affidavits showing the absence of such stamp, and asked that the sheriff be allowed to amend his return to show that fact. They had also drawn a motion to quash the notice, filed it by mistake, and were allowed to withdraw the same. These attorneys were employed by Wilsey to defend the action. The cause was continued to the May Term, 1864. At that

time defendant was defaulted, and at the November Term, plaintiff proved his damages, defendant appearing by counsel to cross-examine witnesses, did so cross-examine, and excepted to certain rulings of the court in relation thereto. The judgment was rendered November 24, 1864, and on the 28th defendant entered bail for the stay of execution. On the same day that judgment was entered, Wilsey filed this bill, asking to vacate and set it aside, and for an injunction to restrain its collection, on the ground that a revenue stamp was not affixed to the original notice at the time of its service. After answer, and the above facts being shown, the court dismissed the bill, and of this ruling plaintiff now complains.

*Polk & Hubbell* for the appellant.

The real point in controversy in this cause grew out of the want of a revenue stamp on the original notice, in the case of *Maynard* v. *Wilsey*. It was placed in the hands of the sheriff on the 16th day of June, 1863, and was served on the 17th day of the same month. After the notice had been returned into court, a stamp was placed upon the same by the attorney for plaintiff, without authority so to do.

1. The revenue law required a stamp on original notice. 12 U. S. Stat. at Large, 483.

2. If the writ was not duly stamped when served, it was invalid and of no effect. 12 Id., 475, § 95.

3. Instruments requiring stamps issued after the first day of June, 1863, without the requisite stamp, could not be validated by putting a stamp on them. 12 Id, 724, § 16.

4. If, then, the notice was issued on the 16th day of June, A. D. 1863, and had not the requisite stamp thereon when served, it was a nullity, and the fact that the stamp

was subsequently affixed does not render it valid. If the notice was void and of no effect, the judgment founded thereon is void and should have been set aside.

*Thos. F. Withrow* (with *Hudson & Joy,*) for the appellee.

I. The plaintiff is estopped by the entry of a stay of execution. The undertaking in the recognizance "shall be for the *payment* of the judgment, interest and costs." Revision, § 3294. He cannot be heard to complain of the judgment after receiving the benefit of the stay upon a promise to pay at a time certain. By entry of stay he waives his right of appeal. Revision, § 3294; *Sample* v. *Barns,* 14 How., 71.

II. The record offered in evidence shows that Wilsey appeared by his attorneys on the trial of the cause, and cross-examined witnesses, and saved exceptions to the ruling of the court. This is certainly an appearance for some purpose connected with the cause, and gave the court jurisdiction. Revision, § 2840.

III. Courts of equity will not interfere to disturb a judgment at law where the plaintiff had a plain, speedy and adequate remedy at law which he has neglected to employ.

(1.) The plaintiff had a plain, speedy and adequate remedy, by a motion to set aside the default, on the ground of insufficient service of notice. The Supremê Court would not entertain the case on appeal, if such motion had not been made. Rev., 1860, § 3545; *Pigneau* v. *Denny et al.,* 12 Iowa, 396; *Downing* v. *Harman,* 13 Iowa, 535; *Byington* v. *Robertson et al.,* 17 Iowa, 562; *Carleton* v. *Byington,* Id., 579.

(2.) The court held that it was competent to stamp the notice after service, and that a notice thus defective, if stamped after service, gave the court jurisdiction. A

court of equity will never interfere with a judgment upon the ground of mistake or error at law. Such error could have been corrected on appeal. 2 Story Eq. Jur. (Red. ed.), § 1572.

(3.) And where the fact existed before the trial, and was known to the party suing in equity, or might have been discovered by the exercise of diligence, and was as much a defense at law as it was in equity, no redress can ordinarily be obtained. 2 Story Eq. Jur., Id.

(4.) Equity never questions a judgment for irregularity merely. It interferes only to relieve against fraud. 2 Story Eq. Jur., § 1576.

WRIGHT, J.—This bill was very properly dismissed. Plaintiff knew of the defect of which he now complains,

1. JUDG- at the time the original action was pending, and
MENT: in-
junction. having failed to rely upon it, he cannot, after judgment, be heard in equity, to contest on this ground, the validity of the judgment. Concede that there was no power to validate the original notice, by allowing the cancellation of the stamp at the time stated, yet it must be remembered that the cause was continued, and that no judgment was taken until more than a year afterwards. Plaintiff (then defendant) appeared to the action (cl. 3, § 2840), and the

2. APPEAR- sufficiency of the notice was no longer material,
ANCE:
* stamp. and especially so, as the government received the full revenue to which it was entitled by the subsequent cancellation. And having appeared not only to present the question of the effect of the absence of the stamp, and to cross-examine the witnesses of plaintiff, but having sub-sequently entered bail to stay the execution, he cannot, consistent with principle or the rules governing the juris-diction of either a court of law or equity, be heard to assert in the absence of fraud or mistake, that he was not

in court, nor bound by the adjudication. In this view of the case we need not determine whether the subsequent cancellation was regular, holding as we do, that a party cannot, in equity, insist upon this defect, when, with full knowledge of it, he appeared to the law action, and failed to avail himself of it, was not taken by surprise, had full time to prepare his defense, and subsequently stayed the judgment. Conceding that but for the appearance, the alleged defect affected the jurisdiction of the court, there can, under the circumstances of this case, be no such question.

*3. JUDG-MENT: petition to cancel.*

Let the judgment be affirmed.

Affirmed.