Rahn v. Greer.

RAHN v. GREER.

1. **Justice of the peace:** WAIVER OF RULING. In an action before a justice of the peace, the defendant, after waiting for one hour after the time fixed in the notice for trial, filed a motion to dismiss the action for want of prosecution, which was overruled by the justice, and the trial was adjourned to a future day, on which the defendant appeared and moved for a change of venue. *Held,* that by so doing he had waived his right to object to the overruling of his motion to dismiss.

2. —— JURISDICTION: APPEARANCE: AFTER ORDER CHANGING VENUE. If a justice of the peace has jurisdiction of the subject-matter, jurisdiction will be conferred by voluntary appearance of the parties. An appearance by defendant's attorney for the purpose of cross-examining plaintiffs' witnesses, where the cause was retained by the justice after a change of venue had been ordered, will have the effect of a full appearance, and confer jurisdiction.

3. —— CORRECTION OF JUDGMENT. An error in the amount of the judgment caused by an erroneous assessment may be afterward corrected by the justice ; and if done before hearing on writ of error it will prevent a reversal of the judgment; but the costs should be taxed to plaintiff.

*Appeal from Linn Circuit Court.*

SATURDAY, DECEMBER 13.

ON the 10th day of July, 1871, plaintiff commenced this action before a justice of the peace, by causing a notice to be issued claiming of the defendant $30, with interest for one year, upon a note and an account. The notice was made returnable at 9 o'clock A. M., July 15, 1871. On the return day of the notice the defendant appeared and filed a motion

Rahn v. Greer.

for a nonsuit for the alleged reasons that he was "present ready to try the case, the hour having passed and the plaintiff not appearing, and no papers being filed."

The justice being engaged in the trial of another cause, set in advance of this one, adjourned this case for two days, and overruled defendant's motion. On the day to which the case was adjourned, July 17, 1871, the defendant appeared, filed an answer to the plaintiff's claim, and also a motion for a change of venue. The motion was sustained and a change of venue granted to another justice upon payment of costs.

The costs not being paid the justice, before whom the action was commenced, gave notice orally to the plaintiff and to defendant's attorney that he would proceed to try the case on the 5th day of August, 1871, at 9 o'clock. On the day thus set the plaintiff and his attorney appeared before the justice. The defendant's attorney also " came into court and disclaimed appearing for the defendant, but at the same time cross-examined the witnesses of plaintiff." The justice on that day, after hearing the evidence, rendered judgment for plaintiff for $48.50, which on the 28th of August, 1871, he corrected to $31.75.

The defendant sued out a writ of error from the circuit court, on the hearing of which the judgment was reversed and the cause remanded for a new trial. Plaintiff appeals.

*Thompson & Davis* for the appellant.

*J. B. Young* and *John M. Greer* for the appellee.

Miller, J. — I. The defendant and appellee, in his application for the writ of error to the justice, alleges, as the first error complained of, the refusal of the justice to dismiss the action on defendant's motion. Without intimating an opinion whether there was or was not error in this action of the justice it is very clear that the defendant could not urge this ruling as erroneous in the circuit court, for the reason that he acquiesced in the

1. JUSTICE OF
THE PEACE.

ruling by appearing before the justice on the day to which the cause had been adjourned, filed his answer and moved to change the venue. If there was any error in the refusal of the justice to dismiss the action the defendant waived it by his subsequent conduct in the case.

II. The next ground of complaint urged was and is, that the justice erred in assuming jurisdiction of the cause and trying the same after granting a change of venue. It is urged on the part of appellee that after the justice had granted a change of venue he had no longer any power or authority over the case; that his jurisdiction was entirely gone and could not be resumed. On the other hand it is claimed that the order granting the change of venue was conditioned upon the payment of the accrued costs by the defendant, and that he having failed and refused to pay the same the justice had jurisdiction to proceed to try the cause.

*2. —— jurisdiction.*

We do not find it necessary to decide which of these theories is the correct one, as we hold that the appearance by the defendant's authorized attorney on the day of the trial, before the justice, was a waiver of any error there might have been in the resumption of jurisdiction over the case by the justice. It is true the record shows that such attorney " disclaimed appearing for defendant ; " but it also shows that " at the same time he cross-examined the witnesses of plaintiff." Under our practice a party is not allowed to come into court and avail himself of the benefits of an appearance, and, at the same time, disclaim appearing, and thereby secure the advantages of not appearing.

The subject matter of the action being such as came within the justice's jurisdiction, it was competent for the parties, by agreement or voluntary appearance, to confer upon the justice full jurisdiction to hear and determine the issues in the case, and, although a change of venue had been granted on the application of defendant, still he might waive the order by appearing before the justice and consenting, either expressly or by implication, to a trial before him.

Rahn v. Greer.

It has been held by this court that an appearance to object to the original notice because not properly stamped, and to cross-examine plaintiff's witnesses was a full appearance and rendered the sufficiency of the original notice immaterial (*Wilsey* v. *Maynard*, 21 Iowa, 107); and the statute provides that an appearance "for any purpose connected with the cause," though specially made by the defendant or his attorney, "shall render any further notice unnecessary." Revision, § 2850; see also *Hale* v. *Van Saun & Hunt*, 18 Iowa, 19; *Burns* v. *Keas*, 20 id. 16. The same rule applies in actions in justices' courts as in the courts of record. Revision, §§ 3858, 3859. This last section provides that ordinary actions in justices' courts may be *commenced* by notice or voluntary appearance. The effect of this is that a voluntary appearance confers jurisdiction upon the justice in an ordinary action. That appearance, as we have seen, if made by the defendant for any purpose connected with the cause, operates as a full appearance.

III. It is urged by appellee that the justice erred in rendering judgment against the defendant for a sum greater than the amount claimed by the plaintiff in his original notice. It does appear that the judgment, as originally entered, was excessive, but it also appears that upon the attention of the justice being called to the fact he at once corrected the judgment by *reducing* it to an amount within the claim of the plaintiff. This was done, it is true, after the writ of error had been applied for by the defendant, and perhaps after it had been issued and served; the record does not show but the correction was made long before the case came on for hearing on the writ in the circuit court. The judgment was corrected August 28th, 1871, and the cause was heard in the circuit court June 20th, 1873. The plaintiff made no complaint of the action of the justice in this respect, the defendant could not, as it was in his favor, so that at the time of the trial in the circuit court this alleged error was removed, and, therefore, did not afford grounds for reversing the judgment of the justice. The correction

having been made, however, after application for the writ of error, the costs of the proceedings in the circuit court should be taxed to the plaintiff.

We have noticed all the errors presented in argument and fail to find any authorizing the circuit court to reverse the judgment of the justice of the peace. The judgment of the circuit court will be reversed, the costs of that court taxed against the plaintiff, and the costs of this court will be taxed against the defendant.

Reversed.