MARY WOODRING, *et al*, Appellees, v. J. A. ROONEY, *et al.*, Appellants.

Place of Trial: CHANGE OF VENUE. Where the defendant in an action pending in a superior court, who is a nonresident of the city, files his motion to change the place of trial to the district court under Chapter 10, Acts of 28th General Assembly, it is error to refuse the motion.

*Appeal from Cedar Rapids Superior Court.*—HON. JAMES H. ROTHROCK, Judge.

THURSDAY, OCTOBER 29, 1903.

ACTION upon an open account. The defendant Blotz defaulted. The defendant Rooney appeared, and, before pleading, filed a motion, supported by affidavit, setting forth that he was a nonresident of Linn county, in which county the city of Cedar Rapids is situated, and asking to have the place of trial changed to the district court of Linn county. This motion was overruled, and thereupon the defendant answered, and there was a trial upon the merits, resulting in a judgment in favor of plaintiffs. The defendant Rooney appeals.—*Reversed.* ·

*Jamison & Smyth* for appellant.

*John A. Reed* for appellees.

BISHOP, C. J.—The error assigned has relation only to the ruling of the court below upon the application of defendant for change in place of trial to the district court. We think there was error in overruling such application. As the law formerly stood, a change of venue in civil actions could be taken from a superior court for such causes and with such effect only as obtained in changes of venue taken in actions pending in the district court. But this was changed by chapter 10, Acts Twenty-Eighth General Assembly; and there was added to the statute the further provision "that in all civil cases where any party defendant shall, before pleading is filed by him, file in such cause a motion for a change of venue to the district court of the county, supported by affidavit, showing that such party defendant was not a resident of the city where such court is held, at the time of the commencement of the action, the cause upon such motion shall be transferred to the district court of the county." The evident purpose of this addition to the former statutory provision was to enable any person made defendant in an action brought in the superior court, and who was at the time a nonres-

ident of the city, to have the cause tried and determined in the district court. We see no reason why force should not be given to the plain reading of the statute, and the benefit thereof, without qualification, granted to any non-resident defendant who makes proper and timely application therefor.

The judgment of the superior court is reversed, and the cause is remanded, with directions to grant a change to the district court of Linn county, in accordance with the application of defendant.—REVERSED.