## Iowa Loan Company v. George W. Wilson et al., Appellants.

**Transfer of causes from superior to district court: STATUTES: JURISDICTION.** The statutes relating to a change of venue from a superior court to the district court, on the ground that defendant is a nonresident of the city in which the superior court is held, are mandatory and require an unconditional transfer of the cause; and upon making the order the superior court loses jurisdiction both of the parties and of the subject matter.

*Appeal from Cedar Rapids Superior Court.*—Hon. James · H. Rothrock, Judge.

WEDNESDAY, JANUARY 12, 1910.

THE defendants appeal.—*Reversed.*

*George W. Wilson,* for appellants.

*John A. Reed,* for appellee.

LADD, J.—The relief sought in the petition was that defendant Wilson be enjoined from disturbing plaintiff's possession of a part of a lot and from instituting any action for the possession thereof. An amendment to the petition alleged that Fitzgerald claimed some title or interest therein and prayed that plaintiff's title be quieted against such claim. Before answer, Fitzgerald moved that the cause be transferred from the superior court of Cedar Rapids to the district court of Linn County on the ground that he was not a resident of the city of Cedar Rapids. Wilson joined in this application to the end that the cause be tried as one action. On March 14, 1908, the court sus-

tained the motion; the order being "that the said motion be and the same is hereby sustained, and this cause is hereby transferred to the district court of Linn County, Iowa, and defendant W. F. Fitzgerald shall pay costs of such change, which are taxed by the clerk and found to be in the sum of $3." On April 2, 1908, apparently on its own motion, the court entered an order that, as "Fitzgerald had failed to perfect the change of venue ordered in this case, it is now ordered by the court that the order of court made herein on the 14th day of March, 1908, granting a change of place of trial of this cause to the district court of Linn County, Iowa, be and the same is hereby set aside and vacated." On May 14, 1908, decree was entered as prayed, and on the day following Fitzgerald moved that the order transferring the cause on condition of paying costs be reconsidered and the condition exacting the payment of the costs of the change be eliminated. As this was subsequent to the entry of the decree there was no ruling. Nor was any exception taken to the order of transfer or that setting the same aside, or to the decree.

The only question for review, then, is whether the court lost jurisdiction of the case upon entering the order transferring it to the district court. That the ruling, save for the taxation of costs, was correct, appears from *Woodring v. Rooney,* 121 Iowa, 595. And thereby, but for such taxation, the superior court lost jurisdiction over the parties and subject-matter. *Campbell v. Thompson,* 4 G. Greene, 415. See same case (*Thompson v. Campbell*) on page 322. *Farr v. Fuller,* 12 Iowa, 83; *Brown v. Thompson,* 14 Iowa, 597. In *Carroll County v. American Emigrant Co.,* 37 Iowa, 371, an order transferring the cause from Carroll to Polk County was entered, based on an agreement to such change; but at the next term of court, on motion to vacate because of nothing having been done to effect the change, the court set aside the order and reinstated the case. The ruling was reversed on the ground that the order grant-

ing the change, being unconditional, deprived the court entering it of jurisdiction. If the order was conditional, and the court had the right to impose conditions, then undoubtedly failure to comply therewith waived the order to transfer. *Pickett v. Hawes,* 13 Iowa, 601; Section 3511, Code.

It will be noted, however, that the costs were merely taxed to the defendant and payment not made a condition precedent to the transfer of the cause. Unless then the statutes otherwise provide, the assessment of costs was no obstacle in effecting the transfer. Sections 3504 and 3505 of the Code prescribes the grounds for change of place of trial from the district court of one county to that of another, and section 3511 declares that: "Unless the change is granted under subdivisions two, four, and five of the first section of this chapter, all costs caused thereby or that are rendered useless by reason thereof, shall be paid by the applicant and the court or judge, at the time of making the order, shall designate in general terms such costs and no change shall be held perfected until the same are paid." Section 263 of the Code provides that: "All statutes governing the district court as to venue, commencement of action, jurisdiction, process, pleadings, practice, modes of trial, judgment, execution and costs shall apply to and govern the superior courts, except when the same may be inconsistent with the provisions of this chapter." The chapter is 6 of title 3 of the Code, relating to the establishment and procedure of superior courts, and section 261 thereof provides that: "Changes of venue may be taken from said court in all civil actions to the district court of the same or another county, in the same manner, for like causes and with the same effect as the venue is changed from the district court. All criminal actions, including those for the violation of the city ordinances, shall be tried summarily and without a jury, saving to the defendant the right of appeal to the district court, which appeal shall be

taken in the same time and manner as appeals are taken from justices' courts in criminal actions." This was amended by Acts 28th General Assembly, chapter 10, section 1, by inserting between the sentences of the above section the following exception: "But in all civil cases where any party defendant shall, before any pleading is filed by him, file in said cause a motion for a change of venue to the district court of the county supported by affidavit showing that such party defendant was not a resident of the city where such court is held, at the time of the commencement of the action, the cause upon such motion, shall be transferred to the district court of the county." See section 261, Code Supp. 1907.

The ground of change is applicable to causes pending in the superior court only, and the requirement of transfer is unconditional and mandatory in form. As the application must be filed before any other pleading, and no fees for docketing may be taxed in the district court (section 3510, Code), no costs are rendered useless by the change. The original papers are to be transmitted to the district court, and the only costs possible would be those of the clerk of the superior court in making a transcript of the diminutive record and authenticated copies of the petition, and original notice with return thereon to be kept on file in his office. But as seen, costs of change are not exacted in all cases in the district court. Where the transfer is made because of the judge being a party or interested, by agreement of parties, or for that a jury can not be obtained, the costs are never exacted as a condition of transferring the cause. The costs follow the case and are taxed upon final disposition. Such appears to have beeen the intention of the Legislature in the enactment of the amendment quoted. The superior court in its establishment is local, with procedure somewhat restricted, and the design was that nonresidents of the city of its locality be not required to submit to its jurisdiction, but, at their election, might

have causes in which they are made parties defendant trans-
ferred to the district court.   As said, this amendment is
mandatory in form, and we are of opinion that, upon entry
of the order that the cause be transferred to the district
court, the superior court lost its jurisdiction of the parties
and the subject-matter.

Appellee insists that the appeal ought not to be con-
sidered owing to appellant's failure to comply with rule 54,
relating to the preparation of briefs.   The point decided
was the only one involved, and that was clearly stated in
the brief and sufficiently elaborated to require its determina-
tion.   See *Cooper v. City of Oelwein,* 145 Iowa, 181.—*Re-
versed.*