L. H. WIAR, Appellee, v. WABASH RAILROAD COMPANY, Appellant.

**Actions:** CHANGE OF VENUE. A railway company is not a resident of a city through which it passes in such sense as to preclude it from exercising the right to a change of venue from the superior to the district court.

*Appeal from Shenandoah Superior Court.*—HON. W. P. FERGUSON, Judge.

FRIDAY, APRIL 7, 1911.

ACTION for damages resulting from a collision of one of defendant's trains with plaintiff's automobile upon a highway crossing. There was a verdict and judgment for the plaintiff, and defendant has appealed. *Reversed.*

*J. L. Minnis* and *Jennings & Mattox,* for appellant.

*D. L. Wilson,* for appellee.

EVANS, J.—The action was brought in the superior court of the city of Shenandoah. The defendant appeared and asked for a change of venue under the provisions of section 261 of the Code Supplement 1907, which is in part as follows: "Changes of venue may be taken from said court in all civil actions to the district court of the same or another county, in the same manner, for like causes and with the same effect as the venue is changed from the district court. But in all civil cases where any

party defendant shall, before any pleading is filed by him, file in said cause a motion for a change of venue to the district court of the county, supported by affidavit showing that such party defendant was not a resident of the city where such court is held, at the time of the commencement of the action, the cause, upon such motion, shall be transferred to the district court of the county."

The defendant's motion was timely, and was supported by the required affidavit, showing that the defendant was not a resident of the city of Shenandoah at the time of the commencement of the action or thereafter. From such affidavit it appeared that the defendant is a foreign corporation with its headquarters at St. Louis, Mo. It was conceded therein that the defendant operates a line of railway which passes through the city of Shenandoah, and that it has a regular station in such city, and that it transacts business therein. The trial court overruled the motion, and required the defendant to proceed to trial therein. We are confronted at the threshold of the case, therefore, with the correctness of such ruling. The theory of the appellee is that, inasmuch as the defendant operated a railroad through the city and had a ticket office there and transacted business therein, it was necessarily a resident of the city. There are a number of authorities in various jurisdictions which hold that where a foreign corporation enters another state and transacts business therein, it should be deemed a resident of such other state for the purpose of being amenable to the jurisdiction of its courts. The theory of "residence" adopted in such cases is in the nature of a legal fiction, resorted to for the sole purpose of rendering such foreign corporation *suable* within the state, and not for the purpose of changing its status in any other respect. The real theory of such a doctrine is the assumed *presence* of the corporation within the territorial jurisdiction of the court, so as to render it suable therein. This question has received some consid-

eration in *Reeves v. Southern R. R. Co.*, 121 Ga. 561, 563, 564 (49 S. E. 674, 675, 676, 70 L. R. A. 513, 517, 520). It is said therein that in such a case the "question of jurisdiction and suability is not so much one of citizenship as one of *finding,*" and that the jurisdiction is "maintained on the ground that service could be had upon the corporation, for the reason that it was *present* in the state when it transacted business there."

In *Watson v. Richmond,* 91 Ga. 222 (18 S. E. 306), it is held competent for the Legislature to make, for the purpose of litigation, the residence of a corporation which transacts its corporate business within the state at any place therein where such business is conducted.

Notwithstanding that a foreign corporation might be deemed a resident for the purpose of rendering it suable, it was held, nevertheless, that it was not a resident in such sense as to exempt it from giving a cost bond required of nonresidents. *Singer Co. v. Beaucauge,* 8 Q. L. R. 354.

In an early day, in *Baldwin v. M. & M. R. R. Co.,* 5 Iowa, 518, and *Richardson v. Railroad Co.,* 8 Iowa, 260, it was held that a railway company should be deemed a resident of any *county* through which it passed and wherein it transacted business for the purposes above indicated. These cases are relied upon by appellee in support of the ruling of the trial court. We do not deem these cases controlling. The holding in these cases was superseded by the later statute, viz., section 2582 of the Code of 1873, and section 3497 of the Code of 1897. By such statute a railroad company was made suable in any county through which such railway passes, thus subjecting the railroad company to the jurisdiction of the courts of such county, regardless of the question of residence. There is no question in this case but that the defendant was *suable* in the first instance in the superior court of the city of Shenandoah, regardless of its residence, and that the case would have been triable there, were it not for the provision

of section 261 above quoted. Under this section the right of a change of venue is extended to a defendant who "was not a resident of the city." The question here is whether the word "resident" used in this section of the statute is to be construed in its ordinary and usual sense, or is to be construed in the qualified and fictitious sense which we have already considered.

In *Iowa Loan Co. v. Wilson*, 145 Iowa, 381, we said: "The superior court in its establishment is local, with procedure somewhat restricted, and the design was that nonresidents of the city of its locality be not required to submit to its adjudication, but at their election might have causes in which they are made parties defendant transferred to the district court."

In *Woodring v. Rooney*, 121 Iowa, 595, we said: "The evident purpose of this addition to the former statutory provision was to enable any person made defendant in an action brought in the superior court, and who was at the time a nonresident of the city, to have the cause tried and determined in the district court. We see no reason why force should not be given to the plain reading of the statute, and the benefit thereof, without qualification, granted to any nonresident defendant who makes proper and timely application therefor." See, also, *Sawyer v. Hutchinson*, 149 Iowa, 93.

Following the trend of these cases, as indicated in the above quotations, we think that the word "resident" as used in this statute is to be construed in its ordinary sense, and that it is available to a railroad company to show by proper affidavit that it "was not a resident of the city," and that it is not precluded therefrom by the fact that its railroad passes through the city, and that it maintains a depot and office and transacts business therein. The change of venue to the district court of the county should therefore have been granted, and it was error to refuse.

Our conclusions at this point render it necessary that

the case be remanded, with direction to grant the change of venue. Inasmuch as such order will terminate the jurisdiction of the superior court from which this appeal comes, we do not enter upon the consideration of any of the alleged errors in the trial of the case, nor do we undertake to look into the merits of the case in any way.

For the reasons stated, the judgment entered below must be *reversed,* and the case *remanded*