CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Petitioner, v. GEORGE H. CASTLE, Judge, Respondent.

**Courts:** CHANGE OF VENUE: JURISDICTION.   A nonresident defendant is entitled under the statute to an unconditional transfer of the cause from a superior court to the district court, upon an application therefore prior to any other pleading, without payment of the costs of transfer; and upon ordering the change although upon the unauthorized condition for payment of costs the superior court loses jurisdiction of the case and all its subsequent acts are void.

**Same:** CHANGE OF VENUE: WAIVER OF ERROR. Where the ruling of a superior court in effect denies defendant a change of venue, to which he has an absolute right under the statute, he does not waive the error duly excepted to throughout the trial by going to trial in that court.

**Same:** *Certiorari.* Where the superior court erroneously refuses to grant an unconditional transfer of a cause to the district court, as required by statute, its action in so doing may be reviewed by *certiorari.*

TUESDAY, APRIL 9, 1912.

*Certiorari* proceedings to review the action of the defendant judge in making an order for a change of venue to the district court of Page county, Iowa. *Annulled* and *remanded.*

*W. D. Eaton, E. C. Eicher* and *Wilson & Keenan,* for petitioner.

*Earl R. Ferguson* and *C. R. Barnes,* for respondent.

DEEMER, J.—One Woodle, as plaintiff, brought an action against the petitioner in the superior court of the city of Shenandoah, of which court respondent was judge, to recover a sum less than $100. Petitioner appeared to that action as defendant and, claiming to be a nonresident, filed a motion, supported by affidavit, to change the venue to the district court of Page county. After due consideration, the respondent as judge made the following order upon the motion: "It is ordered by the court that this cause be transferred to the district court of Page county, Iowa, upon payment of the costs only, which are caused by the granting of such change, and the payment of said costs are made precedent to the completion of said change."

Petitioner refused to pay the costs, and demanded that the cause be at once and unconditionally transferred to the district court for trial. This demand respondent refused

to grant except on payment of costs. Shortly thereafter the cause was reached for trial, and defendant therein still insisting that the cause be removed to the district court, and that the superior court was without jurisdiction, nevertheless filed an answer to the petition, and upon the issues so tendered the cause went to trial to a jury, resulting in a directed verdict for plaintiff therein in the sum of $30.78, upon which judgment was duly rendered. Defendant to that action then asked that the trial judge give it a certificate for appeal to this court, and this request was denied. Thereupon the defendant therein brought this proceeding to test the validity of the respondent's order.

Section 261 of the Code Supplement 1907 provides that changes of venue may be taken from the superior court in all civil actions to the district court of the same or another county in the same manner for like causes, and with the same effect as the venue is changed from the district court. This section also provides: "But in all civil cases where any party defendant shall, before any pleading is filed by him, file in said cause a motion for a change of venue to the district court of the county, supported by affidavit showing that such party defendant was not a resident of the city where such court is held, at the time of the commencement of the action, the cause, upon such motion, shall be transferred to the district court of the county."

1. COURTS: change of venue: jurisdiction.

It is conceded that petitioner, although a railway corporation, was and is a nonresident of the city of Shenandoah, and entitled to the benefit of the section quoted. Indeed, such has been our holding. See *Wiar v. Wabash R. R.,* 151 Iowa, 121. Petitioner contends that the order granting the change was illegal, erroneous, and void because of the provision that it should pay the costs of granting the change as a condition precedent to the completion thereof. Respondent contends that the order made by him requiring the payment of costs as a condition precedent to the change of venue was

and is authorized by law; but that, if illegal, defendant to the action waived its right by going to trial before him, and that in any event *certiorari* will not lie.

In *Iowa Loan Co. v. Wilson,* 145 Iowa, 381, we held that upon the filing of a proper motion in the superior court a nonresident defendant is entitled to an unconditional order changing the venue to the district court. We there said:

> The ground of change is applicable to causes pending in the superior court only, and the requirement of transfer is unconditional and mandatory in form. As the application must be filed before any other pleading, and no fees for docketing may be taxed in the district court (section 3510, Code), no costs are rendered unless by the change. The original papers are to be transmitted to the district court, and the only costs possible would be those of the clerk of the superior court in making a transcript of the diminutive record and authenticated copies of the petition, and original notice with return thereon to be kept on file in his office. But, as seen, costs of change are not exacted in all cases in the district court. Where the transfer is made because of the judge being a party or interested, by agreement of parties, or for that a jury can not be obtained, the costs are never exacted as a condition of transferring the cause. The costs follow the case and are taxed upon final disposition. Such appears to have been the intention of the Legislature in the enactment of the amendment quoted. The superior court in its establishment is local, with procedure somewhat restricted, and the design was that nonresidents of the city of its locality be not required to submit to its jurisdiction, but, at their election, might have causes in which they are made parties defendant transferred to the district court. As said, this amendment is mandatory in form, and we are of opinion that, upon entry of the order that the cause be transferred to the district court, the superior court lost its jurisdiction of the parties and the subject-matter.

See, also, *Woodring v. Rooney,* 121 Iowa, 595.

Respondent insists that the *Iowa Loan & Trust Company* case was wrongly decided, and that the expressions we

have quoted were, if applicable to the case, pure obiter. With this we do not agree. The language used in the opinion is clear, and the question was definitely presented for decision. No persuasive reason is given for overruling that case, and we are constrained to adhere to the rule there announced.

II.   But it is said that petitioner waived the error by going to trial in the superior court. We have not heretofore held that one waives an erroneous ruling on such a

2. SAME: change of venue: waiver of error.

motion by going to trial. Indeed, the contrary has been our holding in many cases. See *Kell v. Lund,* 99 Iowa, 153; *Ferguson v. Davis Co.,* 51 Iowa, 220; *Foss v. Cobler,* 105 Iowa, 728; *Iowa Loan Co. v. Wilson, supra.*

The underlying reasons for these rulings have been (1) that upon the filing of a motion for a change the superior court has no authority or jurisdiction to do more than make an order for the change and take the necessary steps to perfect it, and (2) the defendant in the suit after an erroneous order must answer and go to trial, or have a judgment entered against him as by default, therefore his filing of an answer and going to trial have not been regarded as a waiver; the superior court being without jurisdiction so long as defendant refused to comply with the unlawful condition imposed. If this were not true, a defendant could not safeguard his right to challenge the illegal order save by refusing to plead and suffering default to go against him.

In the *Ferguson* case, *supra,* it. is said: "It is also urged that independent of the statute the defendant waived the objection (to the ruling on motion for change of venue) by going to trial. . . . The defendant had objected to the change, was overruled, and excepted. It could do nothing more, and clearly waived nothing by stipulating that the trial which must take place some time should be had on a named day. Defendant could not prevent the trial from taking place. In the motion for a new trial, the defendant

insisted that the court had erred in granting a change, and for this reason, if no other, he waived nothing."

Here, as there, defendant to the action at all times insisted that the Superior Court was without jurisdiction, and after judgment moved to set the same aside and for a new trial because of the erroneous ruling on the motion for a change of venue, but this, too, was denied.   By imposing the condition as to payment of costs, the respondent virtually denied the motion for a change of place of trial, and all of his acts thereafter were void and of no effect. Such was in substance the holding in the early case of *Cass v. State,* 2 G. Greene, 353, and the rule there announced has been adhered to in all subsequent cases treating with the same question.   See cases hitherto cited, and especially *Foss v. Cobler, supra; Iowa Loan Co. v. Wilson, supra.*

Had defendant in the original suit voluntarily filed answer and gone to trial without complaining of the order for the change, it might be held to have waived the error under the rules announced in *Eckles v. Kinney,* 4 Iowa, 539; *Rahn v. Greer,* 37 Iowa, 627; *Pumphrey v. Walker,* 71 Iowa, 383; *Paddelford v. Cook,* 74 Iowa, 433, and other like cases relied upon by respondent, but this it did not do.   On the contrary, it objected to every step thereafter taken, and finally moved to set aside the judgment because of the refusal of the judge to grant an unconditional order for the change.   In each of the cases last cited, the defendant waived the error by voluntarily going to trial; and in but two had there been a motion for a change of place of trial.   In one of these cases it is said: "Although the defendant, after the order for the change of venue had been made, might well object to any order being made at a subsequent term to redocket the cause, yet, as it appears that he made no objection in the case, and appeared in court by his attorneys and went to trial, he can not now assign the ruling of the district court for error."

*Eckles v. Kinney*, 4 Iowa, 539. And in the other the ruling was: "The subject-matter of the action being such as came within the justice's jurisdiction, it was competent for the parties, by agreement or voluntary appearance, to confer upon the justice full jurisdiction to hear and determine the issues in the case, and, although a change of venue had been granted on the application of defendant, still he might waive the order by appearing before the justice and consenting, either expressly or by implication, to a trial before him." *Rahn v. Greer, supra.*

After referring to the statutes and some previous decisions, the court proceeded as follows: "This last section provides that ordinary actions in justices' courts may be commenced by notice or voluntary appearance. The effect of this is that a voluntary appearance confers jurisdiction upon the justice in an ordinary action. That appearance, as we have seen, if made by the defendant for any purpose connected with the cause, operates as full appearance."

This last opinion is to be distinguished from the later decisions of the court for the reason that in the *Rahn* case, which was originally brought in justice's court, the defendant refused to comply with a valid condition in the order for a change of venue, and was in no position to insist that the case was no longer before the justice who tried the case. As the petitioner in the instant case at all times denied the jurisdiction of the superior court and appeared under protest and filed answer simply to save a default, we think there was no waiver.

III. Lastly it is argued that *certiorari* will not lie to review the action of the respondent as judge of the superior court. Two propositions are relied upon here.

3. SAME: certiorari. First, it is argued that the action of the judge was erroneous and not illegal, and, second, that defendant in the original suit (petitioner here) had a plain, speedy, and adequate remedy by appeal. Neither of these propositions is tenable. The amount in-

volved being less than $100, defendant had no right of appeal, save upon certificate from the judge, and this the respondent refused to give. There was then no right of appeal and no remedy open to petitioner unless *certiorari* will lie. *Certiorari* is the proper remedy when an inferior tribunal exceeds its jurisdiction or otherwise acts illegally, and there is no other plain, speedy, and adequate remedy. It is apparent, we think, that the order upon the motion for the change of venue was in excess of jurisdiction, and that after the filing of the motion the respondent was without jurisdiction to do more than grant the change and take the necessary steps to perfect it. Anything done thereafter was entirely without jurisdiction. The ruling was not only erroneous, but illegal, in the sense that it was in excess of jurisdiction. That *certiorari* is the proper proceeding in such circumstances, see *Boynton v. Church,* 148 Iowa, 197; *Tiedt v. Carstensen,* 61 Iowa, 334; *Coburn v. Mahaska Co.,* 4 G. Greene, 242.

The respondent had no discretion in ruling on the motion for the change of venue. Proper showing having been made, he was bound to grant the order without qualification; anything in excess of that was without jurisdiction.

In each of the cases relied upon by respondent, the officer making the ruling had a discretion in the matter and was required to find the facts, and in such cases the ruling, although erroneous, was not in excess of jurisdiction or illegal. See, as amplifying this distinction, *Iowa Loan Co. v. Dist. Court,* 149 Iowa, 66.

We are constrained to hold that *certiorari* is the proper remedy for such a case as the one at bar. It follows that the order of which complaint is made, and the judgment entered by the defendant judge, were each erroneous, and they must be and they are annulled, and the case is remanded, with directions to the court to enter an order granting the change of venue unconditionally.—*Annulled and remanded.*