F. B. DONISTHORPE, Appellee, v. NOAH F. LUTZ AND C. BOTHELL, Appellants.

**Place of bringing action:** STATUTE: OFFICE OR AGENCY. The statute providing that a party may be sued in any county where he has an office or agency for the transaction of business, out of or connected with which the subject matter of the action arose, is not limited to actions upon contract; but where defendant had an office for the loaning of money and plaintiff borrowed through that agency, giving his note and security, and thereafter paid the loan in full through the agency, but defendants thereafter wilfully and with intent to extort presented the claim and security to plaintiff's employer and demanded payment, which resulted in plaintiff's discharge from employment, his cause of action for such wrong was so connected with the business of defendant's agency that it could be brought in the county in which the agency was located.

**Change of venue from superior court:** STATUTES. Where the defendant in an action brought in a superior court files a motion before pleading for change of venue to the district court, supported by affidavit showing that he is not a resident of the city where the superior court is held, the change must be granted; as the statute providing for a change upon such a showing is mandatory.

**Same:** WAIVER OF RIGHT TO CHANGE OF VENUE. The right to transfer a cause from the superior to the district court is not waived by obtaining time to plead, but this right continues to exist until defendant has filed a pleading, or is in default for want of pleading.

Weaver, J., dissenting.

*Appeal from Cedar Rapids Superior Court.*—HON. C. B. ROBBINS, Judge.

THURSDAY, MAY 16, 1912.

ACTION for damages brought in the Superior Court of Cedar Rapids against the defendants jointly. It is averred that they did willfully, and with intent to extort, present to his employer railway company a wage assignment order, and did' thereby cause plaintiff to be discharged from the service. The defendants were both nonresidents of Linn county; Lutz being a nonresident of the state, and Bothell being a resident of Johnson county. Certain motions for change of venue were filed and thereafter overruled. Judgment was entered by default against both defendants for $900. A new trial was granted to the defendant Lutz, but was refused to the defendant Bothell, and he appeals.—*Reversed* and *remanded*.

*Edwin B. Wilson* for appellant.

*Rickel & Dennis* for appellee.

EVANS, J.—I. The petition alleged that the defendants had an office and agency in Cedar Rapids for the loaning of money; that the same was conducted by one Frank Hummel in their behalf; that the plaintiff borrowed $34 from such agency and executed his note therefor, together with an assignment of his wages; that he thereafter paid and overpaid such loan to the defendants through such agency; that, notwithstanding such payment, the defendant willfully and maliciously, and with intent to extort, presented such assignment of wages to the plaintiff's employer, the Chicago, Rock Island & Pacific Railway Company; and that such demand resulted in the discharge of the plaintiff from employment. The defendant

Bothell alone appeared at first and moved for a change of venue to Johnson county on the ground that he was an actual resident therein. This motion was overruled, and error is assigned upon such ruling.

The case was brought in Linn county on the theory that it was covered by section 3500 of the Code, which is as follows: "Where a corporation, company, or individual has an office or agency in any county for

1. Place of bringing action: statute: office or agency.

the transaction of business, any actions growing out of or connected with the business of that office or agency may be brought in' the county where such office or agency is located." It is urged by appellant that this section applies only to actions on contract, and that it can have no application to such a tort as is charged in this case. The argument is that, if the tort was committed, it was so done independent of the agency and done by the defendants personally and not through their agency.

Section 3500 is not confined in its application to actions upon contracts alone. *Locke v. Chicago Chronicle Co.*, 107 Iowa, 390.

Under the allegations of the petition in this case, the cause of action sued on did grow out of and was connected with the business of the agency at Cedar Rapids. In so far as such allegations were disputed by affidavits in support of the motion for a change of venue, an issue of fact was presented. To this issue affidavits and counter affidavits were directed. The trial court was clearly justified in finding that the action grew out of, and was connected with, the business of that office.

II. Thereafter both defendants filed motions for a change of venue from the superior court of

2. Change of venue from superior court: statutes.

Cedar Rapids to the district court of Linn county and supported . the same by undisputed showing that neither of them was a resident of Cedar Rapids. Through some oversight the

motion of defendant Lutz was not ruled upon. The motion of defendant Bothell was overruled. Thereupon a default was entered against both defendants for want of pleading and a verdict and judgment for $900. Thereafter the verdict was set aside as to the defendant Lutz, and his motion for a change of venue to the district court was sustained. The motion of the defendant Bothell for a new trial was overruled.

Section 261 of the Code Supplement is as follows: "In all civil cases where any party defendant shall before any pleading is filed by him, file in said cause a motion for a change of venue to the district court, supported by affidavit showing that such party was not a resident of the city where such court is held at the time of the commence- ment of the action, the cause upon such motion shall be transferred to the district court of the county." This pro- vision of the statute is mandatory and leaves no discretion to the superior court. We have heretofore so construed it. *Woodring v. Rooney,* 121 Iowa, 595; *Iowa Land Co. v. Wilson,* 145 Iowa, 381; *Wiar v. Ry. Co.,* 151 Iowa, 121.

The defendant complied fully with the requirements of this statute. On the face of the record, therefore, he was clearly entitled to the change. The contention of

3. SAME: waiver of right to change of venue.

appellee is that he in legal effect waived his right to the change by obtaining time to plead. The record of the proceedings discloses that the case was begun on August 16, 1910. The defendant appeared and filed a motion for a change of venue to John- son County on September 3d. A resistance was filed by the plaintiff on September 8th. On September 9th the court entered the following order: "Defendant Bothell motion for change of venue overruled. Defendant excepts; defend- ant given five days to answer or plead further. Case as- signed for trial September 20, 1910." On September 12th the plaintiff filed an amendment to his petition, whereby he increased his claim for damages from $1,000 to $2,000.

On September 14th the defendant filed his motion for change of venue to the district court. The effect of the court's order entered on September 9th was to fix the time when a pleading would be due from the defendant. It necessarily preserved the *status quo* of the parties up to that time. Under the statute the defendant had the unequivocal right to file his motion for change of venue at any time before filing a pleading. He did file the same before the pleading and before he was in default. His filing of such motion necessarily terminated the right of the Superior Court to proceed any further in the direction of a trial of the case. It is argued by appellee that this delay was an imposition upon the court and that it put appellee to the expense of preparing for trial. This contention is not justified. The motion was filed six days before the date set for trial. The filing of the same interfered in no manner with the other business of the court. It had no further duty to perform in this particular case except to order a change. The method of procedure in fixing a time to plead is a usual and ordinary one, and we see nothing in such a course of procedure that could fairly be construed as a waiver by defendant of any existing right. There is a further consideration, apparent upon the face of the record, that if there had been such waiver in fact on September 9th the defendant was quite relieved from the effect of it by the filing of plaintiff's amendment on September 12th. By such amendment the plaintiff doubled his demand. Even though the defendant had expressed his willingness to try the case in the Superior Court on the smaller demand, he was not bound to adhere to such offer upon the presentation of a larger demand. We see no escape from the conclusion that the defendant was legally entitled to the change of venue to the district court, and the learned trial court erred in holding otherwise. For this reason the judgment entered below must be, and it is, reversed.—*Reversed* and *remanded.*

Weaver, J. (dissenting).—In my judgment when the defendant moved for change of venue from the county, and upon the denial of that motion obtained time to plead, he waived his right to demand a transfer of the case to the district court.