CORN BELT TELEPHONE COMPANY, Plaintiff, v. SUPERIOR COURT OF OELWEIN et al., Defendants.

**VENUE:** Change of Venue—Superior Courts—Nonresident Defendant. An action by a city to enjoin a *threatened* violation of a city ordinance is not an action "for the violation of a city ordinance." within the meaning of Section 260, Code Supplement, 1913. It follows that, in an action in the superior court for such threatened violation, a nonresident defendant has an arbitrary right to a change of venue to the district court, under Section 261, Code Supplement, 1913.

*Certiorari to Oelwein Superior Court.*—JOHN R. BANE, Judge.

SATURDAY, SEPTEMBER 22, 1917.

THE opinion sufficiently states the case.—*Reversed and remanded.*

*Pickett, Swisher & Farwell* and *Parker, Parrish & Miller,* for plaintiff.

*Jay Cook* and *Rollin J. Cook,* for defendants.

WEAVER, J.—The Corn Belt Telephone

VENUE: change of venue: superior courts: nonresident defendant.

Company owns and operates a telephone system in the city of Oelwein. In November, 1916, the city brought an equitable action in the superior court to restrain said telephone company from putting into effect an alleged proposed increase in its rates or charges for telephone rentals, such proposed increase being, as the petition alleged, contrary to and in violation of a city ordinance theretofore enacted, as well as in violation of an agreement or contract entered into between the company and the city. The company appeared to the action and moved for a change of venue to the district court, on the ground of nonresidence. The motion was supported by affidavit that the defendant (plaintiff herein) is a corporation organized under the laws of Iowa, having its principal place of business and its residence in Waterloo, in Black Hawk County, and that, at the beginning of said action, it was not, nor at any time since has been, a resident of Oelwein. The motion was denied, and thereupon the defendant applied to this court for and obtained a writ of certiorari, commanding the certification and return of the record to this court for review.

The statute fixing and limiting the jurisdiction of the superior courts provides, among other things, as follows:

"Changes of venue may be taken from said court in all civil actions to the district court of the same or another county, in the same manner, for like causes and with the same effect as the venue is changed from the district court. But in all civil cases where any party defendant shall, before any pleading is filed by him, file in said cause a motion for change of venue to the district court of the county, supported by affidavit showing that such party defendant was not a resident of the city where such court is held, at the time of the commencement of the action, the cause, upon such motion, shall be transferred to the dis-

trict court of the county." Code Supplement, 1913, Section 261.

That a nonresident corporation is entitled to the benefit of this statute is settled by our prior decisions. *Chicago, B. & Q. R. Co. v. Castle*, 155 Iowa 124; *Wiar v. Wabash R. Co.*, 151 Iowa 121. This proposition is not denied by counsel, nor was it denied by the court below, but the motion for a change was contested and denied upon the theory that the present case is governed by Section 260 of the Code Supplement, 1913, which provides that the superior court shall "have exclusive original jurisdiction to try and determine all actions, civil and criminal, for the violation of city ordinances." We are quite clear that the action here being considered is not one brought "for the violation of a city ordinance," within the meaning of the cited statute. It does not charge any violation of the ordinance; but shows in effect that, when the suit was begun, the company was still observing the rates set forth in the prescribed schedule. The gist of the complaint is not that the company had disregarded the ordinance; but that it threatened so to do in the near future, and this movement on the company's part the city sought to forestall by an injunction. The distinction between an action, civil or criminal, based upon an alleged violation of a city ordinance, and a procedure in equity to enjoin a merely threatened violation, is too manifest to justify argument or illustration. Moreover, the petition in the original cause is based in terms upon an alleged contract with the defendant corporation, rather than upon wrong yet done in contravention of the municipal regulation, and there is nothing in the statute to which our attention has been called to take an action to enforce such right out of the general rule which not only permits but requires a change of venue whenever the nonresident defendant appears and demands it. No discretion in this respect is vested in the superior court. The requirement

that the change be granted is mandatory when the fact of nonresidence is properly shown, and a refusal thereof may be reviewed upon certiorari. See the cases already cited.

Counsel have seen fit to indulge in elaborate arguments upon the question whether the city had any authority to provide by ordinance or otherwise a schedule of rates for a telephone company doing business within the municipal territory, but we think that is a matter we are not now called upon to consider.

For the reasons stated, the writ is sustained, and the order of the court below denying the motion for a change is annulled, and cause remanded, with directions to said court to sustain the motion and cause the records and files to be certified to the district court of Fayette County.— *Ruling reversed and cause remanded, with directions.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.