STATE OF IOWA, ex rel. Anna Erdahl, Plaintiff, v. DISTRICT COURT OF O'BRIEN COUNTY et al., Defendants.

VENUE: Arbitrary Right to Change. A defendant sued in a county which is not the county of his residence, but which is the county in which his written contract is performable, has an *absolute* right to a change of venue to the county of his residence, when he files (1) a sworn answer properly alleging fraud in the inception of the contract, as a complete defense, and (2) a bond to cover costs, in case he is unsuccessful on the trial. (Sec. 3505, Par. 6, Code Supp., 1913.)

**VENUE:** Fraud as Ground for Change. The appellate court, in matters properly before it, will not pass on the technical sufficiency of an answer as a good pleading of fraud as a basis for change of venue, when plaintiff has not seen fit to question the sufficiency in the trial court.

**CERTIORARI:** Refusal to Grant Change of Venue. Certiorari will lie to review the refusal of the trial court to grant a change of venue to the county of defendant's residence on the ground of fraud in the inception of the contract sued on, proper answer and bond having been filed as provided by law. Appeal in such case after trial in the wrong county affords no adequate remedy.

**VENUE:** Fraud and Forgery as Basis for Change. A defendant who pleads fraud in the inception of the written contract sued on, as a basis for change of venue to the county of his residence, is none the less entitled to said change because he also pleads forgery or alteration of the contract.

**VENUE:** Indorser of Fraud-Induced Contract. Indorsers of a written contract, sued in the county where the maker had contracted for performance, and being residents of the county of which the maker is a resident, may, in common with the maker, who is likewise sued, join in the maker's plea of fraud in the inception of the contract, and will, on the filing of the statutory bond, be entitled, equally with the maker, to a change of venue to the county of their residence. (Sec. 3505, Par. 6, ·Code Supp., 1913.)

*Certiorari to O'Brien District Court.*—WILLIAM HUTCH-INSON, Judge.

OCTOBER 26, 1920.

PROCEEDINGS in certiorari, to test the legality of the action of the district court in refusing a change of venue to the relator, pursuant to Section 3505, Subdivision 6, of the 1913 Supplement, in an action brought against the relator, as defendant therein, in O'Brien County, the relator being a resident of Winnebago County.

*John F. D. Meighen, Bennett O. Kindson,* and *Thomas A. Kingland,* for plaintiff.

*O. H. Montzheimer,* for defendants.

EVANS, J.—I. The relator, Erdahl, was sued upon a promissory note, drawn payable in O'Brien County. She filed an answer therein, setting up as a defense that the note was obtained from her by false and fraudulent representations. At the same time, she filed an application for a change of venue to the county of her residence, pursuant to the provisions of Subdivision 6, Section 3505, of the 1913 Supplement. Her application for a change of venue having been denied, she has brought these proceedings. Section 3505, Subdivision 6, is as follows:

1. **VENUE:** arbitrary right to change.

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence. If upon the trial of the action judgment is rendered against the defendant, it shall include the reasonable expenses incurred by the plaintiff and his attorney, on account of change of place of trial, as part of the costs. The bond above referred to shall be with sureties to be approved by the clerk, in an amount to be fixed by the court or judge in vacation for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried, either to the plaintiff or to the officers of the court."

This subsection constitutes an amendment to the original statute pertaining to change of venue. It is directed to a particular class of litigation. It is a matter of general observation that written contracts are not infrequently obtained by means of fraudulent representations and other guile, and that such contracts, when so obtained, are usually made payable at some place remote from the maker's

residence. The result is that the innocent maker, as such, finds himself at a discouraging disadvantage, in that he is compelled to submit to the wrong, or else to defend in a remote county. Such requirement becomes a lever of oppression in the hands of the wrongdoer. The general rule of the statute was and is that personal actions must be brought against residents of this state in the county of their residence. The general exception to this general rule is that a defendant may be sued upon a written contract where payable. The purpose of the amendment above quoted is to withhold such exception from a written contract, where there is a good-faith issue of fraud in the inception of the transaction. In order to insure such good faith, it requires that the facts constituting the alleged fraud shall be set forth under oath, and that bond be given for costs, including expenses of plaintiff and his attorney in attending at wrong county, if the defense fails.

The relator filed her answer, purporting, at least, to comply with the requirements of the statute, and setting forth the purported defense on the ground of fraud in the inception of the contract. She also tendered her bond. Two questions naturally arise:

(1) Did the trial court err in refusing her application for a change of venue?

(2) Will certiorari lie to correct such error?

The ground upon which the court denied the application does not appear in the record. We can only surmise that the distinguished trial judge acted under the impression that he had a discretion in the matter, as provided by Subdivision 3 of Section 3505. We deem it clear, however, that the discretion provided in Subdivision 3 has no application to Subdivision 6. The right of the relator to a change of venue, upon compliance with the requirements of said Subdivision 6, is mandatory. It follows that it was error to deny such application. Indeed, the burden of attack for appellees is directed to the second question, and not to the first, and we turn thereto.

Was the ruling of the court denying the application for

a change of venue a mere error, or did such denial amount to an illegality, within the meaning of the statute, which may be corrected upon certiorari? If yea, was there any other speedy and adequate remedy to the relator?

Some attack is made by appellee upon the sufficiency of the answer set up by the relator. We will not scrutinize the answer to the same degree that we would upon a motion or demurrer attacking the sufficiency of the same. The sufficiency of the answer was in no manner attacked in the court below, and we think that the appellee should not be permitted to attack it indirectly by mere argument here, in the absence of attack below. The answer purported to set up the very defense described in Subdivision 6. It charged the fraudulent representations, and purported to set the same out. Whether these allegations are sufficiently specific, or whether they charge legal conclusions to an undue degree, are proper questions for the consideration of the district court, upon the settling of issues. Without passing, therefore, upon the perfection of the answer as a pleading, or upon the question whether it is vulnerable to any attack, we only say now that it was sufficient, at least in the absence of attack, to entitle the relator to the change of venue asked for.

2. VENUE: fraud as ground for change.

It is urged that the relator had speedy and adequate remedy by appeal, and that for that reason certiorari was not available to her. She had no right of appeal from the order of denial. She could not obtain a review thereof by appeal, except by appeal from an adverse final judgment. Is such an appeal an adequate remedy? Does it meet the spirit and purpose of the amending legislation? The question is fairly ruled by our previous cases; and these are comparatively recent. *Chicago, B. & Q. R. Co. v. Castle*, 155 Iowa 124; *Corn Belt Tel. Co. v. Superior Court of Oelwein*, 180 Iowa 985; *Atchison, T. & S. F. R. Co. v. Mershon*, 181 Iowa 892.

3. CERTIORARI: refusal to grant change of venue.

Unless we are ready to overrule these cases, it must be

held that certiorari will lie herein. As against these cited cases, appellee relies upon *Barry v. Black Hawk County Dist. Court,* 167 Iowa 306. That this latter case, in its discussion, is out of harmony with the other cases, must be conceded. The result in that case could well have rested upon the delay and default of the relator, in failing to file his application until after many continuances. The discussion in the opinion, however, does sustain the contention of appellee. The *Castle* case was referred to therein and distinguished, the distinction being that the illegality in the *Castle* case consisted of imposing unwarranted conditions upon the order granting a change. Imposing unwarranted conditions, however, amounted to a denial of the change, and this is why it was illegal. We think the reasoning of the *Barry* case at this point is not quite sound. The case should be deemed overruled, as to its reasoning, by our later cases.

Following our first-cited cases, we hold that the right to a change of venue was mandatory, and that, upon an erroneous refusal to grant it, certiorari will lie, in advance of trial, there being no other speedy and adequate remedy.

If, under the statute, the granting of a change of venue rested in any degree upon the discretion of the district court, a very different question would be presented. Where change is applied for under Subdivision 3 of Section 3505, such discretion is involved. In such a case, we have held that the remedy of the aggrieved party is by appeal.

II. Up to this point, we have confined our discussion to one case, and have omitted all reference to any other. In fact, 14 cases have been submitted to us upon the same set of printed matter. In the main, they all turn upon the same decisive question. Ten of them are identical in their controlling facts with the case considered in our foregoing division. These appear upon our docket under the following numbers, respectively: 33452, 33453, 33454, 33455, 33456, 33457, 33458, 33462, 33463, 33464. Other questions are involved in the other four cases. We find the record in

some confusion as to the particular case in which these other questions arise.

It appears that, in each of two of these cases, a defense of forgery or alteration of the instrument was set up. It is urged that such defense does not bring the case within Subdivision 6, Section 3505, and does not entitle the applicant to a change of venue. If this were the only defense set up, there might be merit in this contention. This is only *one* defense in each case. Each case sets up, also, the defense of fraudulent representations, which we have already considered in the first division hereof. That is sufficient to entitle the relator to a change. That right is not impaired by the fact that she claims, also, other defenses.

**4. VENUE: fraud and forgery as basis for change.**

It appears, also, that, in one of the cases, indorsers were joined as defendants. These also were all residents of Winnebago County. The maker 'of the note set up the defense of fraudulent representation, and asked for a change of venue, in the same manner as set forth in Division I hereof. That is to say, so far as the maker is concerned, his case is identical with the case considered in Division I. The indorsers presented two applications for a change of venue. The first was filed before answer, and was predicated upon the general statute regulating changes of venue, and not upon Subdivision 6. The general ground of that application was that, as residents of Winnebago County, they were entitled to a change of venue to such county, because the action was a personal one against them, and because they were not bound by the provision on the face of the note, making the same payable in O'Brien County. This application being denied, the indorsers answered, and, in effect, joined with the maker in the defense set up by him. They thereupon filed an application for a change of venue, under Subdivision 6, Section 3505, above quoted. Whether these indorsers were entitled to a change under their first application, we will not consider. The

**5. VENUE: indorser of fraud-induced contract.**

situation presented by their second application was that all the defendants, maker and indorsers, were before the court, with the same defense of fraudulent representations in the inception of the contract; all were shown to be actual residents of Winnebago County; and all were asking for a change of venue to that county. We see no impediment to the granting of the change as to all of them, nor any valid reason for refusing the same. The various writs of certiorari are each and all, therefore, sustained, and the order of the district court refusing the change of venue is annulled, with direction to the court in each case to grant the same.—*Annulled.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.