Ransom v. Cummins et al.

2. ——: ——: retention of assessment irregularly paid: recovery of company.

AFFIRMED.

RANSOM v. CUMMINS ET AL.

1. **Certiorari:** WILL NOT LIE WHERE THERE IS REMEDY BY APPEAL. Where there is a plain, speedy and adequate remedy by appeal for alleged errors in proceedings before a justice of the peace, *certiorari* will not lie. Code, § 3216.

*Appeal from Cerro Gordo District Court.*

FRIDAY, APRIL 24.

THIS is an action of *certiorari*, by which plaintiff sought in the court below to test the legality of certain criminal proceedings before a justice of the peace. A demurrer to the petition was sustained, and plaintiff appeals.

*Blythe & Markley,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

ROTHROCK, J.—It appears from the averments of the petition that the defendant Cummins who is a justice of the peace, upon information, issued a search-warrant to search certain premises occupied by plaintiff herein, and to seize any intoxicating liquors which should be there found. Certain

66 137
80 476

66 137
87 731

66 137
101 125

66 137
107 44

66 137
113 331

66 137
118 521

66 137
119 342

66 137
131 294

liquors were seized, and return thereof made to the defendant. The plaintiff herein filed a written answer before the justice of the peace, claiming the liquor to be his property, and that it was not kept for unlawful sale. The plaintiff made application at the proper time and in the proper form for a change of the place of the trial, on the ground of the prejudice of said justice of the peace, and that the said justice illegally and erroneously overruled the same. A jury was impaneled to try the cause, and the plaintiff herein challenged a juror, because it appeared that he had formed and expressed an unqualified opinion concerning the matter in issue, and said challenge was illegally, irregularly and erroneously overruled. The jury brought into court the following verdict:

"MASON CITY, IOWA, November 2, 1883.

"We, the jury, find the defendant, S. C. Ransom, guilty of keeping intoxicating liquors for an unlawful purpose, and the said liquors, which were taken by officer Rosencrans, shall be forfeited according to provisions of section 1546 of the Code of Iowa, and in violation of said chapter or part. The said liquor, or part thereof, with the vessels in which it is contained, is forfeited, and shall be destroyed; the said liquor in controversy being the liquor seized by H. M. Rosencrans, deputy sheriff, from S. C. Ransom."

Thereupon the plaintiff objected to any judgment being rendered against him upon said verdict, and asked that the property be discharged, because said verdict did not find that said property was kept by plaintiff for sale contrary to law, which objection was overruled, and judgment was rendered against plaintiff for costs, and said intoxicating liquors were ordered to be destroyed.

. The demurrer was to the effect that the justice of the peace had jurisdiction to determine all of the question presented in the petition, and that his rulings thereon could not be called in question by *certiorari*, because the plaintiff had a plain, speedy and adequate remedy by appeal. We think the

demurrer was properly sustained. Whether a writ of *certiorari* from the district court to a justice of the peace will lie in such a case, we need not determine. Under our statute, the writ cannot be invoked in any case unless "there is no other plain, speedy and adequate remedy." Code, § 3216. The justice of the peace had jurisdiction of the cause and of the parties. He had jurisdiction to determine every question of which plaintiff complains. If his rulings were erroneous, the plaintiff had a plain, speedy and adequate remedy by appeal. He would have been entitled upon appeal to make an application for a change of venue, and to challenge jurors, and to a verdict in proper form. The trial in the district court upon appeal is, in effect, an original trial, the same as if that court were invested with original jurisdiction; and, if errors were committed by the justice of the peace, the defendant in the action is not prejudiced thereby in the trial upon appeal.

AFFIRMED.