S. M. SMITH, Appellant, v. N. YAGER *et al.*, Appellees.

**Appeal:** REVIEW: CHANGE OF VENUE: CONDITIONS.

*Appeal from Montgomery District Court.*—HON. H. E. DEEMER, Judge.

TUESDAY, OCTOBER 27, 1891.

ACTION against the sureties upon a bond executed by an assignee for the benefit of creditors. The venue of the case was changed, on the ground that the action was not begun in the county of the defendant's residence. A motion filed in the court to which the cause was sent to dismiss the cause on the grounds that the plaintiff had not paid the costs within the time prescribed, and the papers were not filed in time in the court to which the cause was sent, was sustained. The plaintiff appeals. *Affirmed.*

*F. M. Davis* and *C. E. Richards*, for appellant.

*S. McPherson*, for appellees

BECK, C. J.—I. This action was brought in Adams county. A motion to change the venue on the ground that the defendant did not reside in that county was sustained, and the cause was sent, pursuant to the statute, to Montgomery county; the order making the change adjudging costs against the plaintiff, and prescribing that they shall be paid in thirty days. A motion to dismiss the case in the Montgomery district court, on the grounds that the costs were not paid in time, nor the papers filed in that court in time, was sustained. This order was set aside on the

motion of the plaintiff, who filed a copy of the judge's notes in the case, made in his calendar, certified by the clerk, which shows that the change was made at the costs of the plaintiff. But the word "defendant" had been written and the word "plaintiff" interlined in its place. Another entry requires plaintiff to pay the costs "in thirty days." The attorney of the plaintiff states in an affidavit that he knew of the original, in which the word "defendant" had been entered and erased, and that upon the correction of the entry by the interlineation of the word "plaintiff" he paid the costs, which was within thirty days after the entry. This affidavit, and the certified copy of the judge's calendar constitutes all the evidence found in the record, but it is not shown in the abstract that no other evidence or showing as to the facts was submitted to the court. The defendants renewed their motion to dismiss the case, which was sustained. The abstract does not show what evidence or showing was before the court, or upon what facts the court decided.

II. The presumption is in favor of the correctness of the court's rulings, in the absence of any evidence showing error therein. The statute (Code, section 2589) provides, when a change of venue is ordered on the ground that the action was commenced in the wrong county, that, if the "costs are not paid to the clerk by a time to be fixed by the court, or if the papers in such case are not filed by the plaintiff in the court to which the change is ordered ten days before the first day of the next term thereof, or if ten days do not intervene between the making of said order and the first day of the next term of said court, ten days preceding the first day of the next succeeding term thereof, in either event the action shall be deemed to be discontinued." We cannot say, in the absence of a showing in the record, that we have before us all the evidence and facts upon which the court acted, and that the court erred in its rulings on the motion. We cannot presume that there was no evidence and facts supporting the ruling. On the contrary we must presume, in the absence of a showing to the contrary, that the ruling has the support of the evidence and facts in the case.

III. We think the abstract shows that the papers were not filed in Montgomery district court in the time prescribed by the statute just quoted. There is therefore an affirmative showing that the order dismissing the case was correctly made in obedience to the plain language of that statute.

IV. The plaintiff alleges that the ruling of the Adams district court changing the venue of the case was erroneous, and therefore the order of the district court of Montgomery county dismissing the case ought to be reversed. But, as there is no appeal from the order of the Adams district court, it cannot be reversed in this case. It stands as a valid order, and cannot be the ground of complaint in this case. These views dispose of all questions in the case. The order and judgment of the court below are AFFIRMED.