J. W. EDGERLY & COMPANY, Appellee, v. STEWART & HUNTER *et al.*, Appellants.

**Appeal:** RIGHT OF: ORDER ON APPLICATION FOR CHANGE OF VENUE. An appeal does not lie from an order granting a change of venue, although such order be followed by the dismissal of the action, and judgment against the plaintiff for costs, because of the refusal of the plaintiff to file the papers in the court to which the case had been transferred.

*Appeal from Cerro Gordo District Court.*—HON. J. C. SHERWIN, Judge.

TUESDAY, OCTOBER 4, 1892.

FEBRUARY 9, 1891, the plaintiffs brought this action against Stewart & Hunter, doing business in Cerro Gordo county, and C. M. C. Stewart, a resident of said county, and F. M. Hunter, a resident of Pottawattamie county, as members of said firm, on account for goods sold and delivered to the firm since June 11, 1890. No appearance or defense was made to the plaintiff's action, and on March 9, 1891, the first day of the term after suit was brought, a stipulation as follows was filed: "Come now the plaintiffs, and having received full satisfaction and settlement of the claim against the defendants, ask that this cause be dismissed at plaintiffs' costs, and ask to withdraw the petition from the files. J. L. Young, Attorney for J. W. Edgerly & Co. S. S. Carruthers, W. H. Jacques, Attorneys for defendants." On February 23, 1891, the defendant Stewart filed his cross petition against the defendant Hunter, alleging that on May 1, 1889, he sold all his interest in the store and business of said firm to Hunter, and thereafter had no interest therein. That Hunter then undertook to pay the debts thereafter incurred in said business, and guaranteed in writing to

protect said Stewart harmless from all debts of the firm and business, and damage which he might sustain by the future use of his name in the business. That Hunter refused to pay said debts, including that to the plaintiff, by reason of which he (Stewart) has been damaged in loss of time and money expended. He asks judgment for his damages, and that Hunter be held liable as principal on all debts incurred by the firm since May 1, 1889. On said ninth day of March, 1891, the day on which the plaintiffs' action was dismissed, Hunter filed his motion to change the venue of said cross action to the district court of Pottawattamie county, at Council Bluffs, upon the ground, among others, that he was a resident of that city and county. He denied that he ever was a member of said firm, or that he agreed or guaranteed as alleged. The appellant filed his objections on March 11, and on March 13, 1891, it was ordered and adjudged that the venue of said cross action be changed as asked, and that Hunter recover from Stewart seventy-five dollars, to be paid within thirty days, and costs of suit. "To all of which proceedings and judgment the said Stewart at the time duly excepted, and declined to file said papers in the said district court of Pottawattamie county. Whereupon it was further adjudged that the cross petition be dismissed, and the action discontinued, and that he pay the costs of said cross action, taxed at ——— dollars, to which final judgment the said Stewart at the time duly excepted." C. M. Stewart appeals.—*Dismissed.*

*Richard Wilbur*, for appellant.

*Hubbard & Dawley* and *Blythe & Markley*, for appellees.

GIVEN, J.—I. This court has held that an appeal cannot be taken from an order granting a change of

venue. *Allerton v. Eldridge,* 56 Iowa, 710; *Groves v. Richmond,* 58 Iowa, 54. In the latter case it is said: "As an appeal in such case is unauthorized, this court acquires no jurisdiction, and the cause remains in the court below." It will be observed that the judgment dismissing the appellant's cross petition and action was after he had in open court "elected to stand on his exceptions, and declined to file said papers in the said district court of Pottawattamie county." The exceptions upon which he elected to stand were to the order granting the change, and fixing the amount to be paid to Hunter, with costs. A failure to file the papers in the court to which the change was granted, or to pay Hunter the amount ordered within the time required, would work a discontinuance of the action, under section 2589 of the Code. The appellant invited the judgment dismissing his action by his election and declination to file the papers. Having determined not to file the papers, the judgment dismissing his action is without prejudice, even if irregular, as a discontinuance would have followed his failure to file the papers in time.

We think the record before us shows an appeal from the order granting the change of venue only, and, as no appeal lies from such an order, the case must be dismissed. In *Allerton v. Eldridge, supra,* the case was before this court, not only on an appeal from the order of the Jasper circuit court granting a change of venue, but also from a subsequent order of the Polk circuit court dissolving the attachments sued out in the action. The court entertained the last appeal. The order dissolving the attachment was not invited by any action of the appellees, and would not have followed as a legal consequence, as would the discontinuance of the appellant's action. The dismissal of the attachments, if erroneous, was prejudicial error, but not so the judgment dismissing the appellant's cross action. DISMISSED.