ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY,
Appellant, v. J. E. MERSHON, Judge, Appellee.

**VENUE:** Change of Venue—Carriers—Agency. A common carrier,
,1  sued in a county in or through which it does not operate any
line of railway, is entitled to a change of venue to the county
where it does so operate, even though it does have, in the coun-
ty where sued, an agency, but such agency had nothing what-
ever to do with the subject matter of the action. (Sections
3497, 3500, Code, 1897.)

**VENUE:** Change of Venue—Estoppel—Evidence. Evidence in the
2  form of correspondence reviewed, and held insufficient to estop
a carrier from insisting on its right to a change of venue.

**CERTIORARI:** Orders Reviewable—Change of Venue. Certiorari
3  will lie to review an order of the municipal court denying a
change of venue in an action involving $30.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON,
*Judge.*

NOVEMBER 26, 1917.

ORIGINAL proceeding in this court brought to test the
legality of an order by the municipal court of the city of
Des Moines, refusing to the plaintiff herein a change of
place of trial in a certain action pending in such municipal
court wherein Levich was plaintiff and the complainant
herein was defendant.—*Annulled.*

*Thos. R. Morrow* and *J. M. C. Hamilton,* for appellant.

*Jordan & Jordan,* for appellee.

EVANS, J.—I. The case pending in the
municipal court is entitled *Hymon Levich v.
Atchison, Topeka & Santa Fe Railway Com-
pany.* The action was brought upon a pay

1. VENUE:
change of
venue: car-
riers: agency.

check issued by the railway company to one Ignacio Mendez, and purporting to have been endorsed by such payee. Such check was not payable at any particular place. The defendant in such action (plaintiff herein) filed a motion to change the place of trial to Lee County, Iowa, and supported such motion with a showing that such railway company operated a line of road in Lee County, Iowa, and that it neither operated nor owned any line of road in any other county in the state of Iowa. It claimed the benefit of the provisions of Section 3497 of the Code of Iowa, whereby suit against it could be brought only in said Lee County. The plaintiff in said action resisted such motion with the following affidavit:

"Polk County, }  ss.
"State of Iowa, }

"I, Hymon Levich, being duly sworn, depose and say that I am the plaintiff in the above action; that the Atchison, Topeka & Sante Fe Railway had and has an agency in the city of Des Moines; that the check in question was mailed from the paymaster to the local agent or agency, and by or under the authority of said agent, the check was delivered."

Under this affidavit the plaintiff therein claimed the benefit of Code Section 3500, which provides that, when such corporation maintains an office or agency for the transaction of business in any county, actions may be brought in such county upon any transaction growing out of the business of such agency. This contention was met by a showing that one Larrimer was the only agent of the defendant railway company in Polk County, and that the business of his agency was confined to matters connected with the transportation of passengers and freight over said railway; that such agency had no duty to perform in the distribution of pay checks to employees; and that such office or agency

had never had anything to do in any manner with the check involved in suit. It will be noted that the affidavit of Levich above set forth specifies no name of alleged agent, and states a mere conclusion. The affidavits presented on the part of the railway company are undisputed as to any fact therein stated.

We think the showing of the railway company was definite and undisputed, that it had no office or agency in Polk County except that of Larrimer, and that the check upon which the suit was founded did not grow out of the business of such office or agency in any manner; and that, therefore, the only proper place for the bringing of suit against the railway company was in accordance with the provision of Section 3497, which would require such suit to be brought in Lee County.

2. VENUE: change of venue: estoppel: evidence.
There is a claim in the nature of a plea of estoppel made by the plaintiff Levich by reason of certain correspondence had with the defendant railway company after payment had been refused on the check. The plaintiff therein put in evidence the following letters, received from the railway company:

"Mr. W. N. Jordan,

    "304 Clapp Block,

        "Des Moines.

"Dear Sir: Replying to your letter of February 13th, relative to our Arkansas River Shop Check No. 28601 in favor of Ignacio Mendez, amounting to $30.01, which was cashed by Mr. Hymon Levich and the check dishonored by this office account payee, claiming forged endorsement. Beg to state this check was forwarded to the agent of the C. R. I. & P. lines at Valley Junction, Iowa, on June 22nd, 1916.

            "Yours truly,

                "E. L. Copeland, Treasurer."

"Mr. W. N. Jordan, Attorney,
     "304 Clapp Block,
          "Des Moines, Iowa.

"Dear Sir: Referring to your letter of February 13th, and to mine of the 15th regarding forged endorsement on our Arkansas Division Shop, pay check No. 28601, drawn in favor of Ignacio Mendez, amounting to $30.01, covering his May, 1916, wages. Attorneys for Mendez are pressing me for a duplicate pay check in settlement of these wages. And before issuing same, I should like to ask if any action is being contemplated by Mr. Levich, the first endorser of the check. Unless some action is taken immediately, I shall have to make settlement with Mendez on the basis that his endorsement on the above mentioned check was forged and his money never received by him.

                              "Yours truly,
                         "E. L. Copeland, Treasurer."

The letters thus set forth purport to be in response to a letter written by the plaintiff's attorney, which is not included in the record. The full significance, therefore, of this correspondence cannot be ascertained from this record. The claim for the plaintiff is that this correspondence lulled him into a sense of security, and in effect induced him to bring his action in Polk County, because the check had been mailed to Polk County to an agent of another railroad company. It does appear therefrom that the correspondence was had after the purported endorsement of the check had been repudiated, on the ground that the payee of the check challenged the alleged endorsement as a forgery. We see nothing in the correspondence which can be said to have lulled the plaintiff into a sense of security; nor does it contain any admission inconsistent with the showing made by the affidavits. The correspondence indicates further that no objection or defense is urged against the check as orig-

inally issued by the railway company. It is the endorsement to Levich that is challenged as a forgery. The place where such endorsement was made, whether genuine or a forgery, could not affect the right of the railway company to insist upon Lee County as the proper place for bringing suit. The purported endorsement of the payee of the check does not purport to have been made by the railway company nor by any agency thereof. Upon the record, therefore, we think the railway company was clearly entitled to a change of the place of trial to Lee County.

II. It is urged, however, that certio-
3. CERTIORARI: rari will not lie, because the plaintiff in such
orders review
able: change suit had a complete remedy by a direct ap-
of venue.
peal from the intermediate order overruling the motion. It has been held by this court, however, that no appeal will lie from an intermediate order sustaining or overruling a motion for a change of venue. The order can be reviewed only by a direct appeal from the final judgment. *Allerton v. Eldridge,* 56 Iowa 709; *Horak v. Horak,* 68 Iowa 49; *Edgerly v. Stewart & Hunter,* 86 Iowa 87.

There is the further consideration that the amount involved was only $30, and no appeal from a final judgment thereon could be had except upon certification. We have held that, in such a case, certiorari will lie for want of a right of appeal. *Chicago, B. & Q. R. Co. v. Castle,* 155 Iowa 124. It is also urged that we cannot interfere with the discretion of the trial court, nor with its finding of facts upon conflicting evidence. We find no real conflict in the evidence. The facts are undisputed. The statute confers no discretion upon the trial court to refuse a change of place of trial upon such showing.

We must hold therefore, that the order of the trial court was an illegality, within the meaning of the statute. It is accordingly—*Annulled.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.