BEN SHEARER, Appellant, v. R. W. SAYRE, Mayor, Appellee.

·DECEMBER 14, 1928.

204

*A. M. Miller*, for appellant.

*John Fletcher*, Attorney-general, and *George E. Campbell*, County Attorney, for appellee.

WAGNER, J.—The plaintiff was charged by information before the defendant, mayor of the city of Newton, with the crime of assault and battery, not in violation of a city ordinance, but in violation of the state law. The plaintiff was arrested, and brought before the mayor, and to the information entered a plea of not guilty. Before any testimony was taken, the plaintiff, in strict conformity with Section 13569 of the Code of 1927, filed a motion for change of venue, supported by affidavit, stating that he could not obtain justice before said mayor, which motion was overruled; and, over plaintiff's objection, the mayor proceeded with the trial, which, on July 28, 1927, resulted in a finding of guilty, as charged in the information, and a judgment against the defendant of a fine and the costs.

The plaintiff, on the 15th day of the following August, commenced this action in certiorari in the district court, to review the action of the defendant mayor in overruling his motion for change of venue. The defendant made due return to the writ, and filed a motion to quash or annul the writ, upon the grounds that the plaintiff is not entitled to the relief demanded, and that he had a plain, speedy, and adequate remedy by appeal, which motion was by the court sustained, and the plaintiff's action was dismissed, and judgment was rendered against the plaintiff for costs. From this action by the district court, the plaintiff has appealed.

It is not, and could not, be claimed that the mayor did not have jurisdiction to try the defendant for the crime of assault and battery in violation of the state law. See Section 5732 of the Code. The proceedings before a mayor, with reference to a

criminal case brought under the state law, shall be in accordance with the law regulating similar proceedings before a justice of the peace. See Section 5735 of the Code. That the statutory law with reference to change of venue from one justice to another is applicable when the action is brought before a mayor, see *Finch v. Marvin*, 46 Iowa 384. It is provided by Section 13569 of the Code that, before any testimony is heard, a change of place of trial may be applied for by an affidavit filed, stating that the defendant cannot obtain justice before the justice of the peace (mayor). Section 13570 of the Code provides: "If such affidavit be filed, the change of place of trial *must be allowed.*" (The italics are ours.) Under the provisions of the section just quoted, it was the mandatory duty of the mayor to sustain appellant's motion and grant the change of venue. It is not contended by the appellee, in argument, that his action in refusing the change of venue was correct. His contention is as made in his motion to annul, hereinbefore referred to, while the appellant's contention is that he has the right to relief by certiorari. It is provided by Section 12456 of the Code that a writ of certiorari may be granted in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy.

The mayor certainly had jurisdiction to determine the question raised by appellant's motion for change of venue. While the action of the mayor in overruling said motion was erroneous, did said erroneous action constitute an illegality within the meaning of Section 12456 of the Code? In *Tiedt v. Carstensen*, 61 Iowa 334, this court made the following pronouncement:

"In a word, if a tribunal, when determining matters before it which are within its jurisdiction, proceeds in a manner contrary to law, it acts illegally. But if a discretion is conferred upon the inferior tribunal, its exercise cannot be illegal."

In the instant case, no discretion was vested in the mayor; for, the appellant having complied with the statutory law, it was then that officer's mandatory duty, within the provisions of said law, to grant the change of venue. In *Timonds v. Hunter*, 169 Iowa 598, an action had been brought against the plaintiff therein for the appointment of a guardian for him. A jury was de-

manded, and denied by the court, and relief was asked in this court by certiorari; and we held that the action of the court in denying a jury constituted an illegality within the meaning of the then Section 4154 of the Code (now Section 12456). We there said:

"The line of demarcation between a merely erroneous conclusion and an illegality for which no other adequate remedy is provided cannot be very exactly defined. * * * It is generally true that illegality or excess of jurisdiction, if any, is necessarily preceded by an erroneous conclusion. If the erroneous conclusion results in an illegality, within the meaning of Section 4154 [now Section 12456], then there is an illegality, and not *merely* an erroneous conclusion. The right to a jury trial in this case was an explicit statutory right. The defendant was deprived of it as effectively as if the refusal had been arbitrary."

Likewise, in the instant case, the appellant was entitled to a change of venue, and was deprived of it as effectively as if the refusal had been arbitrary.

The appellant relies on *Chicago, B. & Q. R. Co. v. Castle,* 155 Iowa 124; *Corn Belt Tel. Co. v. Superior Court of Oelwein,* 180 Iowa 985; *Atchison, T. & S. F. R. Co. v. Mershon,* 181 Iowa 892; *State ex rel. Erdahl v. District Court,* 189 Iowa 1167. There was involved in the *Castle* and *Corn Belt Tel. Co.* cases the action of the superior court in refusing a change of venue from said court to the district court. There was involved in the *Atchison, T. & S. F. R. Co.* case the action of the district court in refusing the plaintiff a change of venue to the county through which its line of railway was operated. There was involved in the *State ex rel. Erdahl* case the action of the district court in refusing a change of venue from one county to another. The statutes upon which the change of venue in said cases was asked, were mandatory, and we held in each of said cases that the action of the court in refusing a change of venue constituted an illegality; that the complaining party was entitled to relief by certiorari; and that an appeal is not an adequate remedy.

The party litigant who has been erroneously refused a change of venue cannot appeal from the action of the court in refusing the change, but must suffer judgment to be entered against him, and then appeal from the final judgment. *Timonds*

*v. Hunter*, supra; *Atchison, T. & S. F. R. Co. v. Mershon*, supra; *State ex rel. Erdahl v. District Court*, supra.

The appellee relies on *Ransom v. Cummins*, 66 Iowa 137. From the facts as stated in said case it appears that a justice of the peace, upon information, issued a search warrant to search certain premises occupied by the plaintiff, and to seize any intoxicating liquor which should be there found. Certain liquors were seized, and return thereof made to the justice of the peace. The plaintiff therein made application, at the proper time and in the proper form, for a change of the place of the trial, on the ground of the prejudice of said justice of the peace, which application was overruled. The said plaintiff brought in the district court an action of certiorari, to test the legality of said action, and we there held that the erroneous action of the justice of the peace in overruling the motion for change of venue could not be called in question by certiorari, stating that the plaintiff had a plain, speedy, and adequate remedy by appeal. But it is manifest that he did not have the right of appeal from the erroneous action of the justice of the peace in overruling the motion for change of venue. The appeal could be only from the final judgment. The justice of the peace had no discretion in passing upon the motion. When he overruled the motion, his action in so doing constituted an illegality, for failure to perform his mandatory duty. The pronouncement in said case is not in harmony with our subsequent pronouncements in *Chicago, B. & Q. R. Co. v. Castle*, supra; *Corn Belt Tel. Co. v. Superior Court of Oelwein*, supra; *Atchison, T. & S. F. R. Co. v. Mershon*, supra; and *State ex rel. Erdahl v. District Court*, supra; and because thereof, said case, *Ransom v. Cummins*, supra, is hereby overruled. The plaintiff was entitled: (1) to the change of venue, as requested, and (2) to an appeal from an adverse final judgment of the justice of the peace to whom the case should have been transferred. The illegality of the action of the mayor in refusing the change of venue deprived the plaintiff of such rights. If the plaintiff is not entitled to relief by certiorari, a mayor or a justice of the peace can arbitrarily refuse to grant a change of venue, and the illegality of such action cannot be reviewed. The learned trial court undoubtedly relied upon the case which we hereby overrule.

Since we hold that the action of the mayor in overruling

the motion for change of venue constituted an illegality within the meaning of Section 12456 of the Code, and that an appeal from the final judgment does not constitute a plain, speedy, and adequate remedy for said illegality, and that the plaintiff is entitled to relief by way of certiorari, the action of the trial court in annulling the writ and dismissing plaintiff's action and rendering judgment against him for the costs is hereby reversed.— *Reversed.*

All the justices concur.