Mrs. J. J. DEMPSEY, Appellee, v. H. A. ALBER et al., Appellants.

No. 40644.

APRIL 10, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

F. T. Van Liew, for appellee.

Chauncey A. Weaver and C. R. S. Anderson, for appellants.

WAGNER, J.—On May 3" 1930, the plaintiff, the widow of J. J. Dempsey, filed with defendants, as the board of trustees of the Policemen's Pension Fund of the City of Des Moines, her application asking for the statutory pension due her as the widow of a member of the police department of said city. She alleges therein, that the said J. J. Dempsey was a police officer of said city in the Sanitary Division, and that his death occurred January 13" 1930, while in the service of said city; that her husband was a police officer in said city more than five years—his service having begun about May 1st, 1912, in the Department of Public Safety. A hearing was had before said board, which found as facts that J. J. Dempsey, whose death occurred on the date aforesaid, was Secretary of the Health Department; that the records fail to disclose that he ever made any formal application for a policemen's pension, or that the police department ever certified his name for record upon the roll of Police Department Pensioners; that he never contributed any portion of his salary as Secretary of the Health Department to the Policemen's Pension Fund; and held that said board is without power or jurisdiction to grant the pension prayed and dismissed the application.

On June 27th, 1930, the widow commenced this action in certiorari, in the district court, to review the legality of the action of the defendant board in the premises. A writ of certiorari was issued and the defendant board made due return to the writ, and upon trial, the district court refused to quash the writ, annulled the action of the board of trustees in denying and dismissing her application for a pension, and ordered that the board of trustees proceed to correct their records, so that they will show an order duly entered thereon, allowing said pension and approving her application from and after January 13" 1930, in the sum of $30.00 per month, the amount due her as the widow of J. J. Dempsey, a member of the organized police department of said city. From this action by the district court, the defendants have appealed.

Certain affidavits presented to the board of trustees of the

policemen's pension fund were offered in evidence before that tribunal in pursuance of an oral stipulation that the controversy be thus tried. They were incorporated in the return of the trustees, and became, necessarily, a part of the record in the district court, and must have been considered in the determination of the case upon the merits, as well as upon the motion of the defendant to quash the writ. We deem it unnecessary, therefore, to give consideration to the objections urged to the introduction of these affidavits in evidence at the trial below and not passed upon by the district court. The case must, in any event, be affirmed upon other grounds.

The appellants do not question the right of the appellee to have her rights determined by certiorari. That certiorari is the proper remedy see Riley v. City of Des Moines, 203 Iowa 1240, and Gaffney v. Young, 200 Iowa 1030. The appellants, relying upon Tiedt v. Carstensen, 61 Iowa 334, contend that Section 12456 et seq., Code, 1927 (the statutes relative to the proceeding by certiorari), do not contemplate that decisions of inferior tribunals upon questions of fact may be reviewed by the writ of certiorari. This may be conceded. As stated in the cited case:

"It is not the purpose of the statute to change the office of a *certiorari*, so that it will operate as an appeal, wherein causes may be tried *de novo*."

Also, see, McEvoy v. Cooper, 208 Iowa 649. But if no discretion is conferred upon the inferior tribunal, that is, if the action to be taken by the inferior tribunal upon the facts as found, or upon undisputed facts, is mandatory and not discretionary, then the party complaining is entitled to relief by certiorari. See Tiedt v. Carstensen, 61 Iowa 334; Timonds v. Hunter, 169 Iowa 598; Shearer v. Sayre, 207 Iowa 203. In Shearer v. Sayre, 207 Iowa 203, we held that the requirements of the statute there considered were mandatory and that the plaintiff was entitled to relief by certiorari. We there said:

"In the instant case, no discretion was vested in the mayor; for, the appellant having complied with the statuory law, it was then that officer's *mandatory duty*, (writer's italics) within the provisions of said law, to grant the change of venue. * * * If

the plaintiff is not entitled to relief by certiorari, a mayor or a justice of the peace can arbitrarily refuse to grant a change of venue, and the illegality of such action cannot be reviewed.''

The facts in the instant case are not in dispute. The provisions of Section 6318, Code, 1927, in behalf of the plaintiff widow are mandatory if the facts entitle her to relief.

Is the plaintiff, widow, entitled to relief from the Policemen's Pension Fund? On April 16" 1912, Dempsey was appointed, or elected, Secretary of the police department, sometimes called Secretary of the Department of Public Safety. While acting in such capacity, he was a police officer and under the direction of the Superintendent and Marshal or Chief of Police. Later, while serving as such officer, he was appointed Secretary of the Health Department of Public Safety and under the ordinance of said city, came within the rules regulating the police department. His appointment to the latter position was from the police force to the sanitary division, in accord with Section 2232 and Division 7, Section 2181, Code, 1927. As such officer, he was a member of the police department of the city of Des Moines, with certain specified police duties. He was the owner of a policemen's uniform and was given an emblem of his police authority, by way of a shield or star, with the words ''Captain Des Moines Police Department'' across the face thereof. As such officer, he had active charge of all the inspectors and employees in the sanitary division or Health Department. He had charge of all matters pertaining to the sanitation and health of the community and aided in the enforcement of quarantine and other sanitary regulations provided by law and the ordinances of said city. It was his duty to see that strict quarantine was maintained and the premises properly placarded, and it was his right and duty to make arrests, the same as any other peace officer. His salary was fixed by the council. There can be no doubt that he was a member of the organized police department of the city of Des Moines.

Since Dempsey was a member of the organized police department, what are the rights of the plaintiff, as his widow? Our statutory law provides that ''any city or town having an organized fire department may, and all cities having an organized police department or a paid fire department shall, levy an-

nually a tax not to exceed one-half mill for each such department, for the purpose of creating firemen's and policemen's pension funds,'' and that ''cities having a population over twenty-five thousand may annually levy a tax of not more than two mills for each such department for such purpose.'' See Section 6310, Code, 1927.

Section 6318, Code, 1927, provides:

''Upon the death of any acting or retired member of such departments, leaving a widow * * * there shall be paid out of said fund as follows:

''1.   To the surviving widow, so long as she remains unmarried and of good moral character, thirty dollars per month. * * *''

It will be observed from said Section, *that upon the death of any acting or retired member of such departments*, leaving a widow, there shall be paid out of said fund to her, so long as she remains unmarried and of good moral character, $30.00 per month.   Dempsey was a member of the police department of the City of Des Moines at the time of his death.   He was an *acting* member of said department.   The plaintiff-appellee *is his widow*. Under the plain and unambiguous language of the provisions of said statutory law she is entitled to the relief demanded.

Because of our conclusion as to her rights, under the provisions of the aforesaid section of the Code, other propositions argued by the respective parties become immaterial in the solution of the question before us for determination.   The judgment of the trial court is correct, and the same is hereby affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.