WILLIAM F. FEHRMAN, Appellant, v. SIOUX CITY, GEORGE M. KELLOGG et al., Trustees of Firemen's Pension Fund, Appellees.

No. 43808.

FEBRUARY 16, 1937.

REHEARING DENIED JUNE 18, 1937.

David F. Loepp, for appellant.

John D. Beardsley, for appellees.

MITCHELL, J.—William F. Fehrman was employed as a regular fireman in the fire department of the City of Sioux City in

1917, and after working five or six months, the United States having entered the World War, he entered the army and served until the end of the war, then being honorably discharged. In 1919, after a physical examination by a physician, who pronounced him sound, he again entered service in the fire department of Sioux City.

On November 18, 1922, it is Fehrman's claim, in attempting to open one of the doors of the fire station so that the engine might answer a fire call, in the performance of his duty, his left knee and big toe were injured. He continued in the service until March of 1923, when he was discharged from the fire department because of insubordination. It is his claim that he received a permanent injury to the left knee, but he made no claim and filed no application for a pension until February 17, 1931. In other words, almost nine years elapsed from the date he claimed he was injured until he asked for a pension or retirement pay due to disability, as provided by section 6315 of the 1935 Code of Iowa. A hearing was had before the board of trustees of the fire department pension fund of the City of Sioux City on the 31st day of October, 1931, and after hearing appellant's evidence the pension was denied. Thereafter, on the 30th day of December, 1931, a petition was filed by the plaintiff in the district court of Woodbury county, for a writ of certiorari, which was granted, and return made to such writ, attached to which was a transcript of all of the evidence and of the entire proceedings before the board of trustees of the pension fund. A hearing was had thereon before the Hon. F. H. Rice on the 16th day of April, 1936, and he entered an order on the 27th day of April, 1936, denying the pension to the plaintiff and affirming the ruling of the board of trustees of the firemen's pension fund of Sioux City.

The plaintiff has appealed to this court.

This action is brought under chapter 322 of the 1935 Code of Iowa (section 6310 et seq.), which provides for a board of trustees of the pension fund, and that disabled and retired firemen should be entitled to a certain percentage of their salary monthly at the time of the retirement.

Section 6316 is as follows:

"6316. Disability—how contracted. No member who has not served five years or more in said department shall be entitled to be retired and paid a pension under the provisions of this

chapter, unless such disability was contracted while engaged in, the performance of his duties, or by reason of following such occupation. The question of disability shall be determined by the trustees upon the concurring report of at least two out of three physicians designated by the board of trustees to make a complete physical examination of the member. After any member shall become entitled to be retired, such right shall not be lost or forfeited by discharge or for any other reason except conviction for felony."

Section 6322 is as follows:

"6322. Decision of board. The decision of such board upon such matters shall be final and conclusive, in the absence of fraud, and no appeal shall be allowed therefrom. Such disabled member shall remain upon the pension roll unless and until reinstated in such department by reason of such examination."

The legislature has seen fit to vest this board of trustees with the authority to determine the question of disability, and has further provided there can be no appeal from such finding without a showing of fraud. In the case at bar the appellant had a hearing, in which he was given an opportunity to offer such testimony as he saw fit, and this he did. After hearing the testimony the board of trustees of the pension fund denied the pension. Certiorari lies to test the legality or illegality of the board of trustees' action. Did they act fraudulently? The appellant in amending his petition alleged fraud, but failed to offer any proof whatever. Fraud must be proved and cannot be presumed. There was no showing of fraud on the part of the board of trustees in the case at bar.

In the case of Riley v. Board of Trustees, 210 Iowa 449, at pages 455, 456, 228 N. W. 578, 581, this court said:

"An examination of the finding of the board discloses that it was a final judgment or decree. According to the recitation contained in the record, the decision was reached upon the merits, after hearing the testimony and the arguments, and being fully advised in the premises. There is no showing in the record that there was fraud or collusion in the procurement of the judgment. This board was a court of competent jurisdiction, definitely authorized by statute to act. The question of the disability of the applicant became, by statutory provision, clearly

within the jurisdiction of the board, and we think its action was *res adjudicata*. The finding does not disclose the ground upon which the board based its determination, and it is not for us to inquire. The board might have concluded that he was not disabled. It may have concluded that the disability, if he had it, was not contracted while he was engaged in the performance of his duties. The mere fact that it is agreed between counsel in this case that the disability came to the plaintiff while actually in discharge of his duties as an officer has no bearing upon what may have been before this first board. The record does not disclose what evidence was produced, or by whom. The board may have reached the conclusion that Riley was not eligible to a pension, in any event, because not then acting as a policeman in civil service. Whatever may have been the basis for its finding is not material here. Suffice it to say that a court of competent jurisdiction, without fraud or collusion, rendered a decision upon the merits on a matter within its jurisdiction, and, as it was not questioned, as required by law, it is final. Riley's unsuccessful attempt to secure a writ of mandamus had no effect on his rights.

"It is not material here whether the reasoning adopted by the board was sound or not. In fact, it may have acted without giving any reasons whatever; nor does the judgment lose its effectiveness from the mere fact that it may have been irregular, or even that the board was in error in reaching its conclusion. Inasmuch as the board had jurisdiction, its finding, until reversed, is binding upon all parties. This is not a case, as is contended by the appellee, in which this board of trustees acted only in a ministerial capacity. It is for the board to determine all the essential elements that enter into the maturing of a claim against the fund. We think the finding of the board in 1924 is *res adjudicata* of the claim then filed."

The appellant argues strenuously that this case is controlled by the rule laid down in Dempsey v. Alber, 212 Iowa 1134, 236 N. W. 86. In that case the applicant was a widow of a deceased policeman. She proved that her deceased husband had been a member of the police department of the City of Des Moines, that he had died and she was his widow. There was no dispute as to these facts, which were evident from the record made, and no reasonable minds could have arrived at any other conclusion than that they were true. Such is not true of the facts in the

case at bar, where the applicant for the pension is the person claimed to have been permanently disabled in the line of duty. It is appellant's claim that he was injured on November 18, 1922, while performing the task assigned to him by the department. He did not at that time inform his superior officer, or make any claim for pension, but continued on the job. It was not until nine years after he claimed to have received the injury that he first filed an application for a pension. He came before the board of trustees and told his story. There were no witnesses to the accident. The facts were not such that reasonable minds could not have disagreed. The very fact that appellant had waited nine years, that he was discharged for insubordination, would be a matter going to his credibility, and as the board was acting as a fact-finding body, the credibility of the witnesses appearing before it was to be determined by it from all the circumstances, and when the board decided against the appellant it necessarily was passing upon his credibility.

Complaint is made that appellees introduced no evidence to refute the story of appellant. Why should witnesses have been introduced after the appellant had told his story and the board considered it in the light of the circumstances surrounding the history of the appellant himself and of his purported claim? Such a requirement would be impossible, especially in view of the appellant's own story that no one was present at the time he was injured. Appellant had a full and complete hearing. The delay of nine years in presenting his claim is not in any way answered by appellant. It was a circumstance rightly taken into consideration by the board. Injured men do not wait nine years to present their claims.

The question of the disability of the appellant was a question for the board of trustees to decide. There was no fraud in this case. The board entered its finding and it is final.

It therefore follows that the lower court was right and that the writ must be, and it is hereby, dismissed.—Writ dismissed.

RICHARDS, C. J., and all Justices concur.