Leon Ablett, Appellee, v. Floyd Hartzer,
Chief of Police, Appellant.

No. 46755.

December 11, 1945.

F. T. Van Liew, B. J. Flick, Paul Hewitt, and Harvey Bogenrief, all of Des Moines, for appellant.

Connolly, O'Malley & McNutt, of Des Moines, for appellee.

2

OLIVER, J.—In July 1933 the Des Moines city council adopted a resolution that plaintiff, Leon S. Ablett, an honorably discharged soldier of World War I, be appointed animal collector for Des Moines. In 1937 plaintiff was given a civil-service examination for animal collector and his name was certified by the civil-service commission to the city council as being eligible to appointment in the department of public safety as animal collector. Thereafter the city council adopted a resolution that plaintiff, having successfully passed the civil-service examination, be appointed animal collector effective June 1, 1937. In November 1942 plaintiff made written request for leave of absence "from my position as Animal Collector for the City of Des Moines" for service in the United States Army and the city council granted plaintiff leave of absence from his position as animal collector.

Plaintiff received an honorable discharge from the Army in the summer of 1943 and re-entered service in the department of public safety of Des Moines. In August 1943 the city solicitor gave the chief of police a written opinion, which was shown to plaintiff, that the superintendent of public safety had authority to make temporary appointments in the police department (section 467.25, Code of Iowa, 1939, as amended by chapter 73, Acts of the Forty-ninth General Assembly), during the war emergency, when there was no eligible person on the list for appointment and pending the time when members in military or naval service would return to their positions, and that with plaintiff's consent he could be moved from the job of animal collector to some temporary position in the police department. Accordingly the transfer appears to have been made.

However, the civil-service commission declined to approve the transfer (appointment) on the ground that plaintiff was not qualified for such position under civil service (section 5701, Code of 1939) and stated that plaintiff should be returned to his position as animal collector, and not as a patrolman in the police department, or suffer the loss of seniority rights as animal collector. Shortly thereafter the civil-service commission and the chief of police ordered plaintiff to return to his position of animal collector. Plaintiff complied under protest and

instituted this proceeding in certiorari, asserting he was removed from the position of patrolman without hearing or stated charges in violation of the Soldiers' Preference Law, chapter 60, Code of 1939.

After plaintiff's appointment in 1933 the oath of a peace officer was administered to him by the mayor and plaintiff reported to the chief of police, who issued him a certificate of authority which states he is a regular member of the Des Moines police department and is qualified to exercise the duties of a peace officer. At said time plaintiff was issued the regular equipment of a police officer, including a police badge. Apparently his work as animal collector did not occupy all of plaintiff's time and over the years of his service the chief of police assigned him to various duties of a patrolman in the police department and plaintiff performed such duties in addition to the duties of animal collector. This course of conduct continued during all the time plaintiff was in the service of the city. The salary of the animal collector has been the same as that of a patrolman.

In 1938 the assistant city solicitor, in response to an inquiry as to whether or not plaintiff was eligible for a policeman's pension, gave a legal opinion that plaintiff "is a member of the Police Department and may receive the pension benefits under Chapter 322, for disabled and retired firemen and policemen; that his period of service may be established on and after July 26, 1933, by payment of the assessments to the date the monthly assessment is deducted from his salary and that he should pay a membership fee and permit the monthly assessments to be deducted from his salary." Plaintiff, who had not theretofore contributed to the policemen's pension fund, never paid the membership fee or any assessment nor were the same deducted from his salary.

In 1941 the civil-service commission adopted the following resolution:

"The Civil Service Commission, having investigated and heard the evidence produced with reference to the application of Leon Ablett, makes the following findings:

1. That applicant, since a time prior to April 16, 1937,

has held the Civil Service position of City Animal Collector and that in addition to such duties he performed substantial police officer's duties under the direction of the Chief of Police.

2. That said applicant should be classified as a patrolman in the police department. Now, Therefore,

If the Civil Service classification of dead animal collector is abolished, and if applicant waives in writing any claim he may have to said position and, further, if the City Council appoints applicant to be a patrolman, the Civil Service Commission will enter an order authorizing and directing the classification of applicant as a patrolman.''

There is no contention that any of the conditions of the foregoing resolution were satisfied.

Section 5701, Code of Iowa, 1939, states that, except as otherwise provided, no person shall be appointed or employed in any capacity in the fire or police department until such person shall have passed a civil-service examination and has been certified to the city council as being eligible for such appointment.

Section 5695 provides in part that any person regularly serving in the police or fire department, or a nonsupervisory position in any other department, on the date when the act becomes effective (April 16, 1937), who has then five years of service in a position or positions within the scope of the civil-service chapter, shall retain his position and have full civil-service rights therein.

However, plaintiff had not been in the service of Des Moines for five years at the time in question and could not have been within the purview of the afore-mentioned part of section 5695.

The civil-service examination given plaintiff in 1937 was not for the position of patrolman in the police department. His appointment in 1933 and his 1937 examination and appointment were for the position of animal collector. His civil-service classification was that of animal collector. The animal collector was not a patrolman nor a member of the police department. In that respect this case differs from Dempsey v. Alber, 212 Iowa 1134, 236 N. W. 86, 238 N. W. 33, upon which

was largely based the 1938 opinion of the assistant city solicitor hereinbefore mentioned, to the effect that plaintiff was a member of the police department.

Plaintiff at all times retained his civil-service classification of animal collector and performed the duties òf that position. We do not agree that his assignment to and performance of the additional duties made plaintiff a patrolman. He could not continue to hold the civil-service position of city animal collector and at the same time hold the civil-service position of city patrolman.

The administration of the oath of a peace officer did not make the animal collector a patrolman. Nor did the certificate of the chief of police, and the policeman's badge and equipment accomplish that result. Nor would the knowledge of the members of the city council that the animal collector was performing extra duties in a division of the department of public safety other than the one in which he was classified under civil service give him a civil-service classification in such other division.

It is a fair inference that plaintiff did not regard himself as a regular police officer. He did not pay the membership fee or any assessments for the policemen's pension fund. Nor does the record indicate any such attempt on his part, although his willingness so to do in 1938 may be inferred in connection with the opinion of the assistant city solicitor, upon which opinion it does not appear that any action was taken. The 1941 attempt of the civil-service commission (upon plaintiff's application) to work out a plan under which plaintiff's civil-service classification could be changed from city animal collector to patrolman also was apparently abortive and in 1942 plaintiff requested "leave of absence from my position as Animal Collector."

We do not understand that plaintiff contends the (attempted) temporary appointment of plaintiff as patrolman in 1943 made him a regular patrolman. As already noted, section 467.25, Code of 1939, as amended by chapter 73, Acts of the Forty-ninth General Assembly, authorizes temporary appointments to fill vacancies created by leaves of absence for military service. Assuming that one may receive such tem-

6

porary appointment as patrolman, without examination, said appointee would not be a civil-service patrolman and would not acquire retirement rights under his appointment.

It is our conclusion that plaintiff never held the position of patrolman and never was a regular police officer. Hence he was not removed from that position. It follows that the judgment of the distinguished trial court sustaining the writ of certiorari and ordering plaintiff's restoration to the office of patrolman was erroneous.—Reversed.

All JUSTICES concur.