Anna M. UTTECHT, Appellant,

v.

John AHRENS; Patricia Hedrick; Oelwein Nursing Home, Inc.; Mercy Hospital, Oelwein, Iowa; and John H. Ahrens, M. D., P. C., Appellees,

v.

Berkeley BRANDT, III, Third Party Appellee.

No. 65541.

Supreme Court of Iowa.

Nov. 25, 1981.

Tim A. Estlund, of Wenzel, Piersall, Riccolo & Baker, P.C., Cedar Rapids, for appellant.

David A. Elderkin and Allan D. Vestal, Cedar Rapids, for appellees John Ahrens and John H. Ahrens, M.D., P.C.

Edward J. Gallagher, III, Waterloo, for appellees Patricia Hedrick and Mercy Hospital, Oelwein, Iowa.

Clyde Putnam, Jr., Des Moines, for appellee Oelwein Nursing Home, Inc.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, McGIVERIN, and LARSON, JJ.

HARRIS, Justice.

One of our procedural rules provides for situations when an action is brought in the wrong county. Costs and fees are assessed to compensate for defendants' trouble in defending in the wrong county. The rule then requires the plaintiff to see to the transfer of the action to the proper county. If the transfer is not accomplished within twenty days the rule provides that the suit be dismissed. The question here is whether such a dismissal is with or without prejudice. We think the dismissal is without prejudice so that a plaintiff may thereafter bring another action on the same claim in the proper county. Because the trial court took the opposite view, and granted summary judgment to the defendants, we reverse and remand.

Plaintiff filed this tort action in Franklin County. Defendants were residents of, or corporations doing business in, Fayette County. Under section 616.17, The Code 1979 (personal actions must be brought in a county in which some of defendants actually reside), proper venue for the action was Fayette County. A motion was then filed by defendants under Iowa R.Civ.P. 175. That rule provides:

(a) An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county. Thereupon the court shall order the change at plaintiff's costs, which may include reasonable compensation for defendant's trouble and expense, including attorney's fees, in attending in the wrong county.

(b) If all such costs are not paid within a time to be fixed by the court, or the papers are not filed in the proper court within twenty days after such order, the action shall be dismissed.

On October 6, 1978 the trial court sustained the motion and ordered the case transferred to Fayette County, at plaintiff's cost.

The change was not effected within the twenty days required by the rule. The suit was not transferred from Franklin to Fayette County until November 20, 1978, thirty-five days after the motion for change of venue was sustained. Defendants then filed a motion to strike the petition on the ground the suit was not transferred within the required twenty-day period. The motion to strike was sustained December 27, 1978, and no appeal was taken from that order.

Plaintiff thereafter filed an identical petition in Fayette County on January 3, 1979. Defendants moved for summary judgment, asserting the second petition was barred by *res judicata*. The motion was at first denied. Following the filing of our opinion in *Wederath v. Brant*, 287 N.W.2d 591 (Iowa 1980), another summary judgment motion was filed. This time it was sustained. This appeal is from the trial court order sustaining defendants' substitute motion.

Rule 175, above quoted, interacts with Iowa R.Civ.P. 217. Rule 217 provides: "All dismissals not governed by R.C.P. 215 or not

for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise." The question comes down to whether the dismissal demanded under rule 175(b) is one for improper venue (within the meaning of rule 217) or one for noncompliance with the rules of civil procedure. Plaintiff argues that a rule 175(b) dismissal is a dismissal for improper venue within the meaning of rule 217, is not a dismissal upon the merits and, hence, does not preclude bringing the same action a second time. Citing *Wederath v. Brant,* plaintiff argues that a rule 175(b) dismissal robs the transferee court of subject matter jurisdiction because the action disappears on dismissal. Plaintiff reasons that the rule 175(b) dismissal, in addition to being for improper venue, is also for want of jurisdiction within the meaning of rule 217 and, hence, not an adjudication on the merits, and not preclusive.

Defendants argue that rule 217, in excluding dismissals for "improper venue," does not refer to dismissals under rule 175. They point to language from a comment by the advisory committee on the rules of civil procedure in its final tentative draft, published in 1942. They believe this comment indicates the "improper venue" language of rule 217 is directed to what is now section 616.20, The Code (dismissals for improper venue where venue has abated as to some but not all defendants). Defendants also cite *J. W. Edgerly & Company v. Stewart,* 86 Iowa 87, 52 N.W. 1121 (1892), and *Smith v. Yager,* 85 Iowa 706, 50 N.W. 224 (1891). Defendants think these cases indicate a rule 175(b) dismissal is appealable because it is an adjudication of the merits. Finally, citing cases interpreting former Iowa R.Civ.P. 55, defendants emphasize the distinction between: (1) dismissal for lack of jurisdiction or improper venue and (2) a mandatory statutory dismissal for noncompliance with the rules of civil procedure.

The precise question seems to be one of first impression. Both parties rely on *Wederath v. Brant.* Looking at the two rules, and their interaction, it is possible to derive an argument supporting either construction. Without belaboring the point we think the question is controlled by the rule of construction which favors, where possible, a decision of a case on the merits. The rule is stated:

There is widespread preference for the method of interpreting procedural statutes which insures that a case will not be disposed of on the basis of procedural technicalities but will be considered on its merits and decided on the basis of the substantive rights of the parties. Mere technicalities should not be permitted to impede the trial of a case, and so an interpretation which is highly technical, or results in absurdity or injustice is to be avoided.

3 Sutherland, *Statutes and Statutory Construction,* § 67.02 at 219 (4th ed. C. Sands 1974). In addition, "[r]ules on the same subject are read in pari materia." 3 Sutherland, *supra,* § 67.10 at 236. And finally, "statutes authorizing change of venue are liberally construed to assure a fair trial to the parties concerned." 3 Sutherland, *supra,* § 67.04 at 226.

We hold that rule 175(b) provides for dismissals for improper venue within the meaning of "improper venue" as the term is used in rule 217. Such a dismissal is not *res judicata.* The judgment of the trial court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.

All Justices concur, except ALLBEE, J., who dissents.