Farr v. Fuller.

FARR v. FULLER.

1. CHANGE OF VENUE: JURISDICTION. After an unconditional order changing the venue of an action, the District Court of the county from which the change is ordered has no power to make another order dismissing the action.
2. SAME: CASES EXPLAINED. *Eckles* v. *Kinney*, 4 Iowa 539, and *The State of Iowa* v. *Ensley et al*, 10 Iowa 149, cited and held inapplicable to the case at bar.

*Appeal from Polk District Court.*

THURSDAY, JUNE 13.

THIS cause was commenced in the Polk District Court and in August, 1859, the judge presiding having been of counsel, the venue was "by agreement of parties" changed to Story County. In September, 1860, on defendant's motion, the cause was re-docketed and dismissed for the reason, as

stated in the general entry, that plaintiff had failed to comply with the order of the court for the payment of costs, "or in removing the same out of the district, or paying the costs therefor." Plaintiff appeals.

*Casady, Crocker & Polk* for the appellant. The District Court of Polk County erred in exercising jurisdiction over the case after the venue was changed to Story County. *Campbell* v. *Thompson et al*, 4 G. Greene 415; *Eckles* v. *Kinney*, 4 Iowa 540.

*Stephen Sibley* for the appellee.

WRIGHT, J.—In re-docketing the cause and dismissing it there was error. The order for the change of venue was unconditional. After this the District Court of Story, and not that of Polk, was the proper tribunal to apply to for any order or relief. The District Court of Polk County had no longer jurisdiction of the cause. (*Campbell* v. *Thompson*, 4 G. Greene, 415; Ib. 322.) The venue was changed by agreement because of the interest of the presiding judge, and while it was the duty of the plaintiff to prosecute his action, and while for his failure to do so, his cause could be dismissed, this should have been applied for in Story County.

The case is not like that of *Eckles* v. *Kinney*, 4 Iowa 539. There the parties, after the order for the change, at a subsequent term, voluntarily submitted their cause in the court ordering the change. So in the case of *The State* v. *Ensley et al*, 10 Iowa 149, the party asking the change failed to comply with a rule of court, and for this cause the order for a change of venue, was at the same term set aside. Here, however, no terms were affixed to the order, nor was there any subsequent waiver of the same, nor was there any failure to comply with any order made in such a sense as to justify the court in taking jurisdiction of the cause.

Judgment reversed.