CARROLL COUNTY v. THE AMERICAN EMIGRANT CO.

**Venue:** CHANGE OF. Section 2810 of the Revision, providing that unless the applicant for a change of venue, procures the transmission of the papers to the proper county, or pays or secures the costs of the clerk therefor by the morning of the second day after the order granting the change is made, the cause shall be retained for trial the same as if no change had been ordered, does not apply where a change is granted upon the agreement of the parties, and after such order the court making it has no further jurisdiction over the case.

*Appeal from Carroll District Court.*

WEDNESDAY, OCTOBER 22.

ON the 20th day of September, 1866, the plaintiff filed in the district court of Carroll county, a petition asking that a certain contract entered into between plaintiff and defendant, for the conveyance to defendant of certain swamp lands owned by plaintiff, might be canceled, upon the ground that it was procured through the defendant's fraud.

On the 16th day of September, 1867, the defendant filed a motion for a change of venue to the county of Polk, for the following reasons:

1. "The said Carroll county, Iowa, is plaintiff in this suit.

2. "There is not time enough given by law to the terms of the district court of Carroll county, to enable the said cause to be fully and fairly tried.

3. "The said county of Polk is the nearest and most convenient county, to which the above objections, or some of them, do not apply."

At the time this motion was filed, there was indorsed upon it an agreement as follows:

"The plaintiff in the above cause consents to the transfer and change of venue asked for, and agrees that the cause may, as asked for, be transferred and changed from Carroll county, Iowa, to Polk county, Iowa, and defendant to have until Sep-

Carroll County v. The American Emigrant Co.

tember 25, 1867, to file answer, copy of same to be furnished plaintiff's attorneys, at Des Moines.

"Signed this 4th September, 1867.

"PHILLIPS & PHILLIPS,

"*Attorneys for plaintiff.*"

And on the first day of the September term of said court, there was entered the following order:

"And now comes this cause to be heard, upon the agreement of parties for change of venue, and the court being advised, the venue of this cause is changed to Polk county."

On the 16th day of January, 1873, the plaintiff filed in the Carroll county district court, a motion to set aside the order changing the venue, and to redocket the cause, upon the ground that no steps had been taken by the party obtaining the order to transfer the cause to the county to which the venue was changed, and that the order changing the venue had in no way been complied with.

Notice of this motion was served on the defendant, and, on the 1st day of April 1873, the defendant filed a response to said motion, stating:

1. This court had no jurisdiction, and can not entertain said motion, nor make any order whatever in reference to said cause.

2. Said cause has been fully settled by the parties, and is no longer pending in any court.

The plaintiff introduced evidence showing that no transcript of the cause had been filed in the Polk district court. Defendant introduced affidavits tending to show a settlement of the cause.

The court "ordered and decreed that the order heretofore made herein changing the venue of this cause to Polk county, Iowa, is set aside — the same having been waived — and said cause is reinstated on the docket of this court, for further proceedings herein, as though no such order had been made for the change of venue herein. This order to be without preju-

dice to the rights of the parties respecting the alleged settlement claimed to have been made of said suit."

The defendant appeals.

*Nourse, Kauffman & Holmes* and *J. A. Harvey* for the appellant.

*J. S. Polk* for the appellee.

DAY, J. — It is claimed that the cause was properly retained in Carroll county for trial under section 2810 of the Revision, which provides that where a change of venue is taken during a term of court, unless the applicant for the change has procured the transmission of the papers to the proper county, or has paid or secured the costs of the clerk therefor by the morning of the second day after the order is made, the cause shall be retained for trial, as if no change had been prayed.

This section applies to changes of venue ordered upon application of a party. Parties may agree to an order changing the venue, and may stipulate the conditions upon which the order shall be made.

We regard this as a change of venue granted upon the agreement of the parties, and not upon the mere application of one of the parties, and hence not governed by the provisions of section 2810. If the parties had signed and filed in the Carroll district court a paper as follows: "Whereas, the county of Carroll is a party to this suit, therefore we hereby agree that the venue shall be changed to Polk county," it would not probably be insisted that the venue was changed upon application of defendant, and that he would be governed by the provisions of section 2810. Now, although the form adopted in this case is different, the legal effect of the paper filed must, we think, be the same.

The defendant asks that the venue be changed to Polk county. On the 4th of September, twelve days before the first day of the September term of the Carroll district court, the plaintiff indorses upon this paper its assent that the venue may be changed to Polk county.

This has all the legal effect, and must, it seems to us, be followed by all the legal consequences of an agreement for a change of venue.

This view is strengthened by two other considerations:

1. The parties have stipulated the county to which the change should be made, which, without their agreement, must heve been determined by the court. See Rev. § 2805.

2. The order for change was made before issue was made up, the agreement stipulating the time when answer should be filed.

This could not be done otherwise than by agreement. Revision, 2804. The case not coming under the provisions of section 2810, and the order for change of venue being an unconditional one, we are of opinion that the Carroll county district court lost its jurisdiction over the case, and that the order reinstating it for trial, although no change had been granted, is erroneous. *Farr* v. *Fuller*, 12 Iowa, 83; *Brown* v. *Thompson*, 14 id. 597. This is the only question really involved, and the only one which we should determine.

If for any reason it is important for the plaintiff to have a final judgment entered in the case, or to controvert the alleged fact of settlement, it can procure the cause to be docketed in Polk county for that purpose.

Reversed.