# IN THE COURT OF APPEALS OF IOWA

No. 22-1675
Filed March 29, 2023


**DOUGLAS MICHAEL KNUTSON,**
    Petitioner-Appellee,

**vs.**

**KAYTLYN OELLRICH,**
    Respondent-Appellant.
_____


Appeal from the Iowa District Court for Allamakee County, Laura Parrish,

Judge.


The mother challenges a ruling entered in one county after entry of an order

transferring venue to another county. **REVERSED AND VACATED.**

Alexander S. Momany of Howes Law Firm, PC, Cedar Rapids, for appellant.

Luke Meinholz of Swartz Law Firm, PLLC, Waukon, for appellee.

Considered by Bower, C.J., and Badding and Buller, JJ.

**BULLER, Judge.**

This interlocutory appeal concerns a ruling made by the Allamakee County District Court after that court transferred venue to Linn County. Relying on case law that dates nearly to the founding of our state, we find the Allamakee court lacked authority to act after transferring venue to Linn. We therefore reverse and vacate, voiding all action taken after the order changing venue.

## I.  Background Facts and Proceedings

A child was born to father Douglas Knutson and mother Kaytlyn Oellrich in 2016. The parties were not married. In 2018, the parties filed, and the Allamakee District Court approved, a stipulation for shared legal custody and physical care of the child. By December 2021, the mother had moved to Cedar Rapids, and she filed a motion in the Allamakee case to change venue to Linn County. The motion for change of venue was properly served on the father's counsel of record and uncontested. The Allamakee court granted the motion for change of venue on December 30, 2021.

In February 2022, a case file was opened in Linn County and the transcript of Allamakee proceedings was filed pursuant to Iowa Rule of Civil Procedure 1.807. Despite this, the father filed a petition to modify in the original Allamakee case, which also included a request to return venue to Allamakee. The mother responded with a pre-answer motion to dismiss. The mother asserted that "this Court [in Allamakee County] is currently precluded from entering any orders" and "without any means or authority to enter an order purporting to remove venue from another Court where venue has previously been granted." The mother also filed a "motion to determine schooling" in the Allamakee case number, but the district

court ordered that filing rescinded on the same date. Meanwhile, in Linn County, the mother filed a petition for modification hours after the father filed his petition in Allamakee County.

In September 2022—after the academic year began—a contested hearing was held in Allamakee County and the parties presented evidence on the schooling issue. The district court denied the mother's motion to dismiss and ordered that the child attend school in Allamakee County for the current school year. The mother filed a notice of appeal, which our supreme court treated as an application for interlocutory appeal and granted. The case was transferred to our court for resolution.

## II.     Our Review

The supreme court's pre-transfer order granted an "interlocutory appeal." *See* Iowa R. App. P. 6.108 (providing that, when a party seeks the wrong form of review, "and the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested."). We recognize this action could be recast as a petition for writ of certiorari challenging the district court's jurisdiction or venue. *See Ostergren v. Iowa Dist. Ct.*, 863 N.W.2d 294, 297 (Iowa 2015) ("Certiorari proceedings are leveled at the tribunal, board, or officer alleged to have exceeded the jurisdiction or authority conferred by law." (citation and internal quotation marks omitted)). We decline to quibble with the supreme court's verbiage or re-caption the case. That said, if tasked with doing so, we would grant the petition for writ of certiorari and sustain it, for the reasons expressed in this opinion. *See*

Iowa Code § 602.5103 (2021) (on the authority of the court of appeals to issue writs in transferred cases).

### III. Jurisdiction and Authority[1]

In her appellate brief, the mother primarily asserts that the Allamakee court lacked subject matter jurisdiction. Though we disagree with the vocabulary used by the mother, we find she has the substance of the matter right. On our de novo review, we reverse, vacate, and void the district court's ruling. *See* Iowa R. App. P. 6.907. If this case were before us on a petition for writ of certiorari, we would review for corrections of errors at law. *See Crowell v. State Pub. Def.*, 845 N.W.2d 676, 687 (Iowa 2014). There is no difference between these standards given the purely legal issue presented.

As to the mother's initial framing of the question—regarding subject matter jurisdiction—we find this misses the mark. "Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa 2006) (citation and internal quotation marks omitted). Iowa Code chapter 600B (2022) vests the district court with subject matter jurisdiction over the general class of child custody and paternity matters for unwed parents. *See* Iowa Code §§ 600B.9, .10, .31. The mother's subject-matter challenge lacks merit.

---

[1] In her reply brief, the mother seeks sanctions against the father, apparently unhappy that he chose to organize the issues in his brief in a different sequence than she did. We often find it helpful when responsive briefs mirror organization of the opening brief, but this is not required by our rules. *See* Iowa R. App. P. 6.903(2), (3), (4). We deny the request for sanctions.

Although not cited by the parties, we have found in our own research nineteenth-century cases that refer to a particular district court losing "jurisdiction" over a case after change of venue. *See Carroll Cnty. v. Am. Emigrant Co.*, 37 Iowa 371, 374 (1873) (holding "that the Carroll county district court lost its jurisdiction over the case" after change of venue to Polk); *Brown v. Thompson*, 14 Iowa 597, 597–98 (1863) ("The venue of this cause was changed from Monona to Greene County, from the fourth to the fifth judicial district. At a succeeding term the District Court of Monona County, on motion of plaintiff, re-docketed the cause and ordered the same to be set down for a hearing as though no change had been made. In this there was error."); *Farr v. Fuller*, 12 Iowa 83, 84 (1861) ("The order for the change of venue was unconditional. After this the District Court of Story, and not that of Polk, was the proper tribunal to apply to for any order or relief. The District Court of Polk county had no longer jurisdiction of the cause."); *Campbell v. Thompson*, 4 Greene 415, 415 (Iowa 1854) ("After granting the change of venue, the district court of Marion county had no further jurisdiction over the subject matter or the parties.").

We have considered whether these old cases were implicitly abrogated by our adoption of a unified trial court system in 1973. *See* 1972 Iowa Acts ch. 1124 (Unified Trial Court Act); *see also* Iowa Code § 602.6101 ("A unified trial court is established."). We believe this precedent remains good law until the supreme court indicates otherwise. The cases do not involve a transfer between inferior statutory courts (like justice of the peace, police, or mayoral courts), but rather transfers within our constitutional court of general jurisdiction: the district court. *See* Iowa Const. art. V, § 6.

While still good law, the cases involve some outdated vocabulary. In our modern lexicon, we would say these old cases involve "authority" rather than "jurisdiction." As the supreme court has put it more recently,

> Subject matter jurisdiction refers to the authority of a court to hear and determine cases of the *general class* to which the proceedings in question belong, not merely the particular case then occupying the court's attention. A court may have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case. In such a situation we say the court lacks authority to hear that particular case.

*Alliant Energy-Interstate Power & Light Co. v. Duckett*, 732 N.W.2d 869, 874–75 (Iowa 2007) (emphasis added) (citation omitted).

It is not uncommon for parties "to conflate jurisdiction with authority." *See In re Est. of Burge*, No. 19-1881, 2021 WL 1017139, at *4 (Iowa Ct. App. Mar. 17, 2021). Because we find authority—not jurisdiction—is at issue, we must decide whether the mother consented to the court's action, waived her objection, or is estopped from the challenge she makes on appeal. *See State v. Mandicino*, 509 N.W.2d 481, 483 (Iowa 1993) (elaborating on the distinction between "authority" and "jurisdiction," and discussing consent, waiver, and estoppel in that context).

The most unusual fact in favor of waiver or consent is the mother's "motion to determine schooling" filed in Allamakee County after venue had been transferred to Linn County. But that motion was rescinded by order of a district judge and the caption suggests it was filed in the wrong case number. We do not find waiver or estoppel based on the apparently misfiled document.

Having dealt with the rescinded filing, we are left to decide whether the mother adequately raised the authority issue such that we can reach it. The mother's filings below, as well as her filings on appeal, do not cite the old cases

we discuss above, but they did consistently argue the Allamakee court was legally precluded from entering the order after venue change. *See Gunn v. Wanger*, 48 N.W.2d 292, 294 (Iowa 1951) ("A court will not litigate matters finally determined in another court nor interfere with proceedings therein nor process therefrom."). We conclude the mother adequately raised the claim.

Although they are dated and use somewhat outmoded language, we find the supreme court's decisions on this issue are controlling and on-point. *See Emigrant Co.*, 37 Iowa at 374; *Brown*, 14 Iowa at 597–98; *Farr*, 12 Iowa at 84; *Campbell*, 4 Greene at 415. We also agree with the cases' underlying rationale. It would undermine the integrity of the judicial system and squander resources to permit litigants to pursue simultaneous actions in multiple district courts. And it could pit district judges against one another, either on the merits or in a race to issue a ruling. *See Democratic Senatorial Campaign Comm'n v. Pate*, 950 N.W.2d 1, 8 (Iowa 2020) ("Our court system works through a system of appeals, which would be undermined if parties could travel to another district court to try to undo what one district court has already done."). This is antithetical to our unified court system.

In light of controlling case law, we conclude the Allamakee County District Court lacked authority to decide any substantive issue in the original case number after the change of venue to Linn County. The ruling on the school issue is therefore voidable if a party raises a challenge to authority, and the mother has done so. *See Klinge*, 725 N.W.2d at 16. We hold that all substantive rulings entered in the Allamakee County District Court after the change of venue to Linn are void.

To conclude, we repeat an observation made by the district judge in Allamakee County, which is that the jurisdiction-and-authority thicket in this case is a product of "the parties' refusal to communicate openly with one another or to be proactive in addressing obvious disagreements." We, like the district court, are concerned by the parties' failure to get along and the ongoing damage they inflict upon the child as they maneuver through the court system. We regret that our opinion today may lead to further disruption for the child, but we are compelled to enforce existing case law, and the supreme court's decisions do not permit one court to usurp power after transferring venue to another.

**REVERSED AND VACATED.**